## Walsh Waldon v. The State.

### No. 3656.     Decided December 19, 1906.

**1.—Seduction—Subsequent Marriage—Indictment—Constitutional Law.**

In a prosecution for seduction where the record showed upon appeal that appellant was indicted for seduction, and within nine days thereafter married the alleged seduced female; that when the case was called for trial it was post-

poned upon motion of the district attorney under the Act of the Twenty-eighth Legislature, page 221; that some five months thereafter appellant was placed upon trial because he had not been living with his said wife according to the terms of said act, and the prosecution was revived thereunder, the State contending abandonment and defendant proving the contrary. Held, that under section 10, article 1, of the bill of rights said part of the act of the Legislature is void; besides the abandonment of a wife is not defined by the Legislature to be seduction, and could not be. Brooks, Judge, dissenting.

Appeal from the District Court of Eastland. Tried below before the Hon. J. H. Calhoun.

Appeal from a conviction of seduction; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Stubblefield & Patterson,* for appellant.

*J. E. Yantis,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This is a conviction for seduction. There are many interesting questions reserved by bill of exceptions and otherwise for adjudication: but under the view we have taken of the case, it is not necessary to consider them. The facts show that appellant was indicted on the 13th of January, and married the alleged seduced female on the 22nd. Therefore, the marriage occurred subsequent to the presentment of the indictment. When the case was called for trial, the district attorney moved to postpone the trial of the case, under the act of 1903 (Acts 28th Leg., 221). At the July Term, 1906, appellant was placed upon trial. It is contended that his trial was authorized by the fact that appellant was not living with his wife under the terms of the Act of the Twenty-Eighth Legislature, supra, and therefore the prosecution had revived. In this connection his wife testified that after they were married they did not live together for the first week; that defendant then carried her to his father's residence, where they remained for sometime; that he cursed and abused her; and that they did not occupy the same bed. Three members of appellant's family—his father, mother and sister (19 years of age) testified the acts mentioned by appellant's wife did not occur; that he did not curse and abuse her, but was very kind to her. (Prosecutrix testified that this conduct occurred in their presence.) Their failure to sleep together, or occupy the same bed, is accounted for by reason of the fact that there were but two rooms in the house; that appellant and his father slept in one; and his wife, mother and sister in the other; and that the family gave prosecutrix a bed in the room on account of the sickly condition of her child. The contention seems to be on the part of the State, that this conduct was such as to force the wife to abandon him, which she says she did. It is clearly proved that appellant did not abandon her; that she left her father-in-law and defendant and went to her father's home.

The controlling contention perhaps in this case is, that this prosecution is unauthorized, and in contravention of section 10, article I, of the Bill of Rights, which guarantees every person accused of crime a speedy public trial. After defining and providing the punishment for seduction, the act of 1903, supra, provides: "If the parties marry each other at any time before the defendant pleads to the indictment before a court of competent jurisdiction, then the prosecution, if begun, shall be suspended, but not dismissed, and if indictment has been returned the case shall be continued on the docket of the court from term to term, and if the defendant after said marriage in good faith continues to live with the person so seduced for two years after said marriage, then said prosecution shall be dismissed; but if the defendant within two years after said marriage, without the fault of his said wife, such fault amounting to acts committed by her after said marriage as would entitle him to a divorce, shall abandon her or refuse to live with her, or shall be so cruel to her as to compel her to leave him, or shall be guilty of such outrages or cruelties toward her as to render their living together insupportable, then the prosecution shall be revived, and said marriage shall be no bar to the same, and the female so seduced shall be a competent witness against defendant; provided, however, that if after the prosecution is begun, and prior to the time he pleads to the indictment before a court of competent jurisdiction, the defendant in good faith offers to marry the female so seduced, and if she refuses to marry him, such refusal shall be a bar to further prosecution." We have copied this act in full so far as it has any bearing upon this case.

We are of opinion that the contention of appellant that this is antagonistic to the Bill of Rights, which guarantees to an accused party a speedy public trial, is sound. Wherever a party is indicted under the above guaranty of the Constitution, he shall be tried as speedily as possible, and any act of the Legislature which infringes this provision of the Bill of Rights would be necessarily nugatory. This act of the Legislature provides that if the parties marry each other at any time before the accused pleads to the indictment, the prosecution shall be suspended but not dismissed, and shall be continued on the docket from term to term under the circumstances stated in the act of the Legislature, for two years; and if for any misconduct on the part of defendant that would be, broadly stated, ground for divorce, the prosecution shall be revived. It will not be denied, if appellant married the alleged seduced female, this would make them man and wife, and the prosecution would be ended, but for the conditions subsequent inserted in the aforesaid act of the Legislature. In other words, appellant has by virtue of the statute been relieved of the offense of which he has been guilty, and for which the law says he shall not be punished, yet conditions subsequent are left hanging over him, which might be equivalent to grounds for divorce. If these acts are performed by him, or the conditions stated in the act of the Legislature arise, then he would be prosecuted not for the seduction but for the subsequent acts in de-

serting his wife or forcing her to desert him on account of cruelty, etc. That the Legislature may define the offense of seduction and denounce the punishment therefor, would not be discussed for a moment; but that the Legislature may authorize the continuance of an indictment or the suspension of the indictment for two years, in antagonism to the Bill of Rights, would hardly be a sound proposition. Nor do we think it would be seriously contended that the Legislature has the power to punish a man for seduction simply because he may treat his wife in such manner as would justify her in bringing a suit for divorce. The abandonment of the wife, or the cruel treatment of the wife by the husband, is not seduction. And if the Legislature can constitute those acts seduction, it has not done so nor provided a punishment. We therefore hold, that this portion of the act of the Legislature is void, first, because it is contrary to the Bill of Rights; and second, because the abandonment of a wife is not defined by the Legislature to be seduction. Nor do we believe that the Legislature could justify legislation making a man guilty of seduction, because he may have treated his wife in such manner that she would be authorized to obtain a divorce.

We have been unable to find any authorities where this question has been discussed. However, in Georgia, the Legislature provided by statute that a party seducing a female, upon marriage should give bond for the maintenance of his wife, children, etc., and which statute the Georgia supreme court upheld. We have not had access to this case, and only notice it by the reference in vol. 23, p. 249, Amer. & Eng. Ency. of Law—reported in 113 Ga., 310.

There are several interesting questions in the case that would require a reversal in regard to the matters suggested. But viewing this statute as we do, we do not deem it necessary to discuss them.

The judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*

Brooks, Judge, dissents.