[No. 10451. Department Two. November 29, 1912.]

THE STATE OF WASHINGTON, *Respondent*, v. JAY FOX, *Appellant*.[1]

CONSTITUTIONAL LAW—CIVIL RIGHTS—FREEDOM OF SPEECH AND OF THE PRESS. Rem. & Bal. Code, § 2564, prohibiting the editing of any printed matter tending to encourage disrespect for law, is not unconstitutional as abridging the right of free speech and of the press; since the legislature has power to punish abuse of the right.

CRIMINAL LAW—OFFENSES—CERTAINTY—STATUTES—CONSTRUCTION. Rem. & Bal. Code, § 2564, providing punishment for any person who edits printed matter which shall "tend to encourage disrespect for law" is not objectionable as uncertain in defining the nature of the crime.

CRIMINAL LAW—TRIAL—RIGHT TO SPEEDY TRIAL—DISMISSAL—GOOD CAUSE FOR DELAY. Under Rem. & Bal. Code, § 2312, providing for the dismissal of a cause if not tried within sixty days after information filed, unless good cause to the contrary be shown, a dismissal is properly denied where the defendant filed a demurrer, and on the hearing thereof his counsel required more time than the court had at its disposal, and the arguments and trial were for that reason delayed for the accommodation of the defendant.

CRIMINAL LAW—APPEAL—HARMLESS ERROR—EVIDENCE—QUESTION FOR COURT. In a prosecution for editing printed matter tending to encourage disrespect for the law, it is not prejudicial error that certain improper evidence was received to prove that the article tended to have that effect, where the printing was admitted and clearly on its face had that effect and incited the commission of crime; since it became the duty of the court to instruct the jury what the effect of the article was as a matter of law.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered February 6, 1912, upon a trial and conviction of editing printed matter tending to encourage disrespect for law. Affirmed.

*Jas. J. Anderson*, for appellant.

*J. L. McMurray, A. O. Burmeister*, and *G. C. Nolte*, for respondent.

[1]Reported in 127 Pac. 1111.

MOUNT, C. J.—The appellant was convicted upon a charge of editing printed matter tending to encourage disrespect for law. He was sentenced to a term of two months in the county jail of Pierce county. He appeals from that judgment, and assigns several errors, which we shall briefly notice.

This prosecution is based upon Rem. & Bal. Code, § 2564, which provides as follows:

"Every person who shall willfully print, publish, edit, issue, or knowingly circulate, sell, distribute or display any book, paper, document, or written or printed matter, in any form, advocating, encouraging or inciting, or having a tendency to encourage or incite the commission of any crime, breach of the peace or act of violence, or which shall tend to encourage or advocate disrespect for law or of any court or courts of justice, shall be guilty of a gross misdemeanor."

The defendant was accused of editing an article entitled "The Nude and the Prudes," which was published in "The Agitator," a small paper issued and circulated in Pierce county. Its publication appeared on July 1, 1911. The appellant apparently concedes that the article does tend to encourage disobedience and disrespect for law, for it clearly does so. But he argues that the statute is unconstitutional because it abridges the right of free speech and of the press, and also because the statute is uncertain. While the constitutions of the United States and of this state guarantee the right to freely speak, write and publish upon all subjects, it is not meant thereby that persons may with impunity advocate disregard of law; or, as said in *People v. Most*, 171 N. Y. 423, 64 N. E. 175, 58 L. R. A. 509:

"While the right to publish is thus sanctioned and secured, the abuse of that right is excepted from the protection of the constitution, and authority to provide for and punish such abuse is left to the legislature. The punishment of those who publish articles which tend to corrupt morals, induce crime or destroy organized society, is essential to the security of freedom and the stability of the state."

This is the rule, and the statute under consideration is not repugnant to the constitutional provisions relating to freedom of speech and of the press.

The appellant also argues, and cites numerous cases to the effect, that a statute creating an offense must be certain, and that, where the law is uncertain, there is no law. This is no doubt the rule. We are satisfied it has no application to the statute under consideration. The statute provides: "Every person who shall willfully . . . edit . . . any . . . paper . . . or printed matter . . . advocating . . . the commission of any crime . . . or which shall tend to encourage disrespect for law . . . shall be guilty of a gross misdemeanor." It is argued that the phrase "or which shall tend to encourage disrespect for law" is entirely uncertain. But it has been held that a criminal statute is not void for uncertainty because it denounces acts which "tend," or are "reasonably calculated," to bring about prohibited results. *Waters-Pierce Oil Co. v. Texas*, 212 U. S. 86.

The act here charged is the editing of an article or printed matter tending to encourage disrespect of law or incite the commission of crime. There can be no doubt about the meaning of the article which defendant edited, or that it tended to incite the commission of crime. The article is not a criticism of the law, but was calculated to, and did, incite the violation of law; and there can be no doubt that any reasonable person informed against under the law, as defendant was, would immediately know the exact character of the offense with which he was charged. We think the information and the statute are definite and certain as to the elements of the crime charged. The demurrer was therefore properly overruled.

It is also argued that the court erred in refusing to dismiss the action because it was not brought on for trial within sixty days after the information was filed. The information was filed on August 23, 1911. On September 13, the defend-

ant filed a general demurrer to the information. This demurrer was noticed for hearing on the 16th day of September. The trial court apparently did not hear the argument upon the demurrer at that time. On October 25, 1911, the defendant filed a motion to dismiss, upon the ground that the action had not been brought to trial within sixty days after the information was filed. At the same time, defendant filed an affidavit stating the time when the information was filed, and that a demurrer had been filed thereto and noticed for hearing upon a day fixed by the rules for such hearing; that it had been carried upon the motion calendar and had not been heard, and that the defendant had at all times been ready to argue the demurrer. The affidavit further stated that other parties charged with crime, upon informations which were filed subsequent to the date of the information against the defendant, had been brought to trial. The trial court denied this motion, and recited in the order denying the same that "good cause existed for not bringing said cause on for trial within sixty days after the filing of the information, inasmuch as defendant requested more time to present arguments on the demurrer interposed by defendant to the information herein than the court had at its disposal." Thereafter on November 6, 1911, the demurrer was heard and overruled. The statute provides that, if a defendant whose trial has not been postponed upon his own application be not brought to trial within sixty days after information filed, the court shall order it to be dismissed unless good cause to the contrary be shown. Rem. & Bal. Code, § 2312. It is apparent from the record that the delay was caused by the defendant. He had filed a demurrer to the information, and when the demurrer came on for hearing, his counsel required more time to present his argument upon the demurrer than the court had at its disposal. The arguments and the trial were for that reason delayed, for the accommodation of the defendant if not upon his own application. This was a sufficient reason for denying the motion.

Complaint is also made that the court erred in receiving certain evidence to the effect that there were more prosecutions for indecent exposure after the publication of the article than there were before that time. It is claimed that the records of the justice of the peace were the best evidence of that fact, and that such evidence was improper and prejudicial. This evidence was not prejudicial because, when the editing and publication of the article were proved or admitted, it was the duty of the court to instruct the jury, as a matter of law, what the effect of the article was. That was a question of law and not of fact. It clearly upon its face incited the commission of crime and disrespect of law relating to indecent exposure of the person, and whether it did so as a matter of fact was therefore not prejudicial. Any other rule would require proof that an article advocating the commission of crime had actually incited persons to commit a crime, before a conviction could be had for the publication of such articles.

There is no error in the record, and the judgment is therefore affirmed.

MORRIS, MAIN, ELLIS, and FULLERTON, JJ., concur.