[No. 21304.  Department One.  August 27, 1928.]

THE STATE OF WASHINGTON, *Respondent*, v. WILLIAM SALMEIER, *Appellant*.[1]

[1] CRIMINAL LAW (186)—TRIAL—RIGHT TO SPEEDY TRIAL—WAIVER. Rem. Comp. Stat., § 2441, providing for a stay of a prosecution for seduction in case the accused shall marry the prosecutrix, and for revival of the prosecution in case of subsequent abandonment and wrongful failure to support, does not violate the constitutional guarantee of a speedy trial of one who pleaded guilty to the charge and married the accused, since the delay, if any, was of his own volition.

[2] CRIMINAL LAW (68)—PLEAS—WITHDRAWAL—DEFENSE—RECORD—PRESUMPTION. Upon application to withdraw a plea of guilty for failure to notify the accused of his constitutional rights, the fact that he was notified, and had the benefit of advice of counsel need not appear in the clerk's minutes, but is presumed, in the absence of a record, until the contrary is shown by the preponderance of the evidence.

[3] SAME (68)—PLEAS—WITHDRAWAL—MISCONDUCT OF PROSECUTOR. The prosecuting attorney's failure to advise accused of the evidence against him, does not amount to misleading him in inducing a plea of guilty, where he advised accused to consult his own attorney, which was done.

[4] SEDUCTION (11)—EVIDENCE OF DESERTION—SUFFICIENCY. Findings that one accused of seduction deserted the prosecutrix after marrying, are sustained where his excuse for the desertion is supported only by his own testimony and discredited by a letter written by him.

[5] CRIMINAL LAW (356)—NEW TRIAL—DILIGENCE. A new trial for newly discovered evidence is properly denied, where the evidence was known to accused at the time of entering his plea.

[6] CRIMINAL LAW (68)—PLEAS—WITHDRAWAL—DISCRETION. The denial of a motion to withdraw a plea of guilty, will be reviewed only for an abuse of discretion.

Appeal from a judgment of the superior court for Adams county, Truax, J., entered February 27, 1928, upon a conviction of seduction, after a plea of guilty

[1]Reported in 269 Pac. 798.

and denial of an application to withdraw the plea. Affirmed.

*Miller & Freese,* for appellant.

*Richard B. Ott,* for respondent.

FULLERTON, C. J.—On November 15, 1926, the appellant, Salmeier, was informed against in the superior court of Adams county on two counts, one for the crime of seduction and the other for the crime of lewdness. He was arrested late in the month of December following, on a warrant issued upon the information, and gave bail to answer the charge. On January 3, 1927, he was brought before the court for arraignment, at which time he expressed a desire to plead guilty to the charge and to marry the prosecuting witness. The court thereupon took his plea of guilty, and suspended further action until January 6, 1927, to give the appellant an opportunity to consummate the marriage. On January 6, the prosecuting attorney reported to the court that the marriage had been consummated, whereupon the court entered an order directing that "further proceedings in the said cause be stayed as provided by the statute."

Immediately following the marriage, the appellant abandoned his wife and left the state, leaving her destitute and failing thereafter to contribute to her support. The wife gave birth to a child on April 27, 1927, both the wife and child dying within a few hours thereafter.

A bench warrant was issued for the appellant's arrest, and later he was arrested at the city of Seattle, in this state, and on February 25, 1928, was brought before the court and required to show cause why he should not be sentenced on his plea of guilty. At that time the appellant challenged the jurisdiction of the

court to proceed further with the cause; and after his challenge had been overruled, he asked leave to withdraw his plea of guilty to the charge against him and enter a plea of not guilty thereto. He supported his application to withdraw his plea by his own affidavit.

In the affidavit he avers, in substance, that, at the time he was arraigned on the information, he was without an attorney or means to employ one, and was not informed by the court, or by any one, of his right to have an attorney appointed to defend him, and of his right to a trial by jury and compulsory process to procure the attendance of witnesses on his behalf; and he specially avers that he was misled in these particulars by statements made to him by the prosecuting attorney. He further avers that he has a meritorious defense to the charge against him, in that he could show that the prosecuting witness was not of previous chaste character. With respect to the charge of abandoning the prosecuting witness after his marriage to her, he averred that it was understood and agreed between them that he was not to live with her or support her; that in fact she told him at that time she could not live with him because she was then suffering from a vile venereal disease.

The trial court granted him a hearing upon the averments of his affidavit, at which much testimony was taken. At the conclusion of the hearing, the court found that his charges had not been sustained, refused to allow him to withdraw his plea, and upon his plea of guilty adjudged that he was guilty as charged in the information, and sentenced him to punishment upon both counts. It is from this judgment and sentence that the present appeal is prosecuted.

The statute relating to seduction is found at § 2441 of the code (Rem. Comp. Stat.) and reads as follows:

"Every person who shall seduce and .have sexual intercourse with any female of previously chaste character, shall be punished by imprisonment in the state penitentiary for not more than five years or by imprisonment in the county jail for not more than one year or by a fine of not more than one thousand dollars, or by both fine and imprisonment: *Provided,* That if at any time before judgment upon an information or indictment, a defendant shall marry such female, the court shall order all further proceedings stayed; and if at any time within three years from the date of such marriage the defendant shall wrongfully fail to support or provide for or shall wrongfully desert or abandon such wife, said proceedings shall be revived and continued in the same manner as though no marriage had taken place, and in the trial of such cause the wife shall be competent to testify and may testify against her husband."

[1] The contention that the court was without jurisdiction is based on the further contention that the section of the statute quoted, particularly that portion of it which provides for a revival of the prosecution if the accused after marrying the female seduced shall wrongfully fail to support or provide for her or shall wrongfully desert or abandon her, is unconstitutional. The argument is that the act violates those clauses of the constitution which guarantee to a person accused of crime a speedy public trial before an impartial jury in the county in which the crime is alleged to have been committed. The case of *Waldon v. State,* 50 Tex. Cr. R. 512, 98 S. W. 848, cited by the appellant, supports the contention. The statute in question in that case was the substantial counterpart of our own, but we are not persuaded that the reasoning upon which it is rested is sound.

Unquestionably, if the legislature passed an act which denied to an accused person a speedy trial, the act would be void, but we cannot conceive that the act

here in question does so. Under the act, an accused may have a speedy trial if he so wills. All he needs do is put the charge against him in issue by pleading not guilty, or refusing to plead at all, when a speedy trial will be accorded him. If the trial is postponed, it is wholly of his own volition. There is no legal compulsion requiring him to pursue the remedy of the statute, and if he does so he does so of his own free will and for his own benefit. It is not the rule generally, nor the rule in this state, that an accused person may of his own volition and for his own benefit procure a postponement of his trial and afterwards complain that the trial was not speedy. *State v. Fox,* 71 Wash. 185, 127 Pac. 1111; *State v. Miller,* 72 Wash. 154, 129 Pac. 1110.

The state of Arkansas has a statute substantially like our own. In *Burnett v. State,* 76 Ark. 295, 88 S. W. 956, the statute was upheld against the attack here made. In the course of the opinion, the court said:

"In *Stewart v. State,* 13 Ark. 720, this court quoted, with approval, the following language of the Supreme Court of Mississippi in the case of *Nixon v. State,* 2 S. & M. 507: 'By a speedy trial is there intended a trial conducted according to fixed rules, regulations and proceedings of law, free from vexatious, capricious and oppressive delays manufactured by the ministers of justice.' And this court in the same case said: 'We think the spirit of the law is that, for a prisoner to be entitled to his discharge for want of prosecution, he must have placed himself on record in the attitude of demanding a trial, or at least of resisting postponements.' The statute in question, providing for a suspension of the prosecution upon the intermarriage of the parties, was designed for the benefit alike of the person accused of the offense and of society; and, as a protection to society against an insincere show of repentance on the part of the accused, it further provides that if he shall thereafter wilfully desert the female

whom he has, by the marriage, rescued from the disgrace brought upon her by his criminal act, the prosecution may be renewed. He is not bound to marry the female, nor to invoke the benefit of the statute, if he does so before the termination of the prosecution; but if he does so, he cannot thereafter complain because of a suspension of the prosecution on that account when he has never demanded a speedier conclusion of it."

See, also, *Latshaw v. State ex rel. Latshaw,* 156 Ind. 194, 59 N. E. 471; *Duke v. Brown,* 113 Ga. 310, 38 S. E. 764.

We have not heretofore had occasion to pass on the question. In *State ex rel. McCalley v. Superior Court,* 51 Wash. 572, 99 Pac. 740, it was sought to be raised by a writ of prohibition, but we held that the writ would not lie, as the applicant had an adequate remedy by appeal. In *State v. Storrs,* 112 Wash. 675, 192 Pac. 984, 197 Pac. 17, the statute was cited and quoted in part. The question there was on the admissibility of certain evidence, but it is worthy of note that the court discussed the question on the assumption that the statute was applicable without suggesting the thought that it might be unconstitutional. The act, we conclude, is not violative of the constitution.

[2] On the second objection urged, we find no reason for disturbing the conclusion of the trial court. In the course of the hearing mentioned, the appellant was a witness in his own behalf and his testimony supported the charges made in his affidavit filed in support of his motion. But, as we read the record, the overwhelming weight of the evidence was against him. With reference to the charge that he was not informed of his statutory and constitutional rights at the time he was brought before the court for arraignment, the evidence of those present at the time is to the effect that he was so informed, and the procedure followed at

that time is recited in detail in the order of the court staying the proceedings entered at the time it was made known to it that the appellant had intermarried with the prosecuting witness. It is true that the minutes of the proceedings kept by the clerk do not show anything more than that the defendant was arraigned and plead to the information, but it was not an essential to the validity of the proceedings that they recite all that occurred. It is presumed, in the absence of a record, that the requirement of the law in this respect was complied with, and those who assert to the contrary must show that there was a want of compliance.

In this instance, as we say, the evidence is overwhelming that the court did not neglect its duty.

[3] Nor do we find any ground for the charge that the appellant was misled by the prosecuting attorney. It may be that the officer named refused to divulge to him the nature of the evidence he had against him, but as to his legal rights in the premises the officer informed him correctly. More than this, he advised him to consult an attorney of his own choosing before he determined upon his course of action, and it conclusively appears that he did consult such an attorney.

[4] On the question whether the appellant wrongfully failed to support and provide for the prosecuting witness after his marriage to her, or wrongfully deserted and abandoned her, we find that the evidence supports the judgment of the trial court. That he was not guilty in these particulars depends entirely on his own testimony given at the hearing, but a letter written by him to his brother from Los Angeles, California, after he had left his wife, leaves no doubt that he then understood that he had not complied with the statutory requirements, and that the officers of the law might be looking for him. It is possible that the wife consented to a temporary absence, but the evidence as to her

conduct following the separation indicates that she thought it no more than temporary. The appellant's statement that the wife told him that she was suffering from a venereal disease, and for that reason consented to a separation and agreed to support herself, could not, of course, be disproved directly. But the subsequent conduct of the wife, and the letter of the appellant before mentioned, as well as his own subsequent conduct, belies the truth of the statement. There was, moreover, the testimony of a physician who examined the prosecuting witness after she was well along in her pregnancy to the effect that she was not then suffering from a venereal disease, and bore no evidence of ever having suffered from such a disease.

[5] After the trial court had refused to permit the appellant to withdraw his plea, he moved for a new trial, basing his motion upon newly-discovered evidence to the effect that the prosecuting witness at the time of the alleged seduction was not of previously chaste character. But we agree with the court that the record fails to show that the appellant now has any information on the question that he did not have at the time he entered his plea.

[6] Whether a trial court will allow a defendant in a criminal cause to withdraw his plea of guilty and substitute another, is a matter largely in its discretion, and its ruling in that respect is reviewable only for manifest abuse. So it is with respect to a motion for a new trial based on the ground of newly-discovered evidence. In the case before us, we find no abuse of discretion. Indeed, it seems to us that the court entered the only order that the justice of the case permitted. The judgment is affirmed.

TOLMAN, MITCHELL, PARKER, and FRENCH, JJ., concur.