[No. 21557. Department One. May 1, 1929.]

THE STATE OF WASHINGTON, *Respondent*, v. ELIZABETH STUTTARD, *Appellant*.[1]

*Joseph H. Smith,* for appellant.
*Charles R. Denney,* for respondent.

[1]Reported in 277 Pac. 83.

FULLERTON, J.—The appellant, Elizabeth Stuttard, was informed against for the crime of opening up, conducting and maintaining a place for the unlawful sale of intoxicating liquor. On the trial, a verdict was returned, finding the appellant guilty as charged. The verdict was returned on June 14, 1927. In due time thereafter, the appellant moved in arrest of judgment, which motion was brought on for hearing and overruled on July 8, 1927. The court did not, at that time, pronounce judgment or sentence upon her, but suffered her to go at large upon bond to await the further action of the court. On December 2, 1927, the court, on the application of the state, issued a citation, directed to the appellant, requiring her to appear on December 7, 1927, and show cause why she should not be punished for the offense of which she was convicted. She appeared at the time appointed, and submitted affidavits to the effect that, subsequent to the return of the verdict of the jury, she had not maintained or conducted a place for the sale of intoxicating liquors, or engaged in the illicit traffic in such liquors, and had otherwise conducted herself as a peaceable and law-abiding person. The state made no counter-showing. The court, however, pronounced judgment upon her in accordance with the verdict of the jury, and sentenced her to a term in the penitentiary. It is from this action of the court that the appeal is taken.

The appellant makes two assignments of error, stated in the language of her counsel as follows:

"(1)  The court erred in vacating the suspension of appellant's sentence without giving appellant a hearing on the merits.

"(2)  That the court erred in entering judgment and sentencing appellant to the state penitentiary."

■  In support of her first contention, the appellant seems to assume that she was in the situation of one at

liberty upon a suspended sentence, and argues therefrom that the court could not revoke the suspension, except after a hearing and a showing that she had, in some manner, violated the conditions upon which the suspension was granted. But we think the appellant is mistaken as to her situation. She was not at large upon a suspended sentence. No sentence had been pronounced upon her. The court had but deferred the time for pronouncing sentence, and the appellant was in the situation of one against whom a verdict of guilty had been returned and stood awaiting sentence, not as one upon whom a sentence had been pronounced and its execution suspended. Her rights are not to be measured by the rule she invokes, but by the rule applicable to one convicted whose sentence has been deferred to await the further action of the court. Tested by the latter rule, we think she has no cause for complaint. The court, by its action, did not lose jurisdiction of her person or of the cause against her, and clearly she could not complain of the delay, at least, until she had appeared before the court and sought its judgment upon the verdict.

To an understanding of the second contention, some further statement is necessary. The legislature, at its session of 1927, provided for the establishment of an institution to be known as the state reformatory for women (Laws of 1927, p. 382; Rem. 1927 Sup., § 10361-1). The purpose of the act seems to have been to provide a place for the punishment of women between certain ages who should commit certain designated crimes. But while it provided that the keepers of the institution should receive women of the class designated sentenced to the institution by the courts, it contained no positive mandate requiring the courts to sentence any such offenders to the institution. Nor did it purport to repeal the general statutes which pro-

vide for the punishment of such offenders in the general penal institution of the state. The act, however, was not carried into effect. Notwithstanding it contained an appropriation for the purchase of a site for the institution, for the erection of buildings thereon, and for the maintenance of the institution when completed, it was suffered to remain upon the statute books by the executive department of the state as imposing no duty upon it.

It is the contention of the appellant that the act supersedes the general statutes under which the trial court acted, and, since she falls within the class of offenders designated in the act, the court was without power to sentence her to punishment in the state's general penal institution. But we are unable to follow the appellant. Aside from the facts we have noticed, namely, that the act contains no direct requirement that offenders shall be sentenced to the institution, and contains no direct repeal of the existing statutes providing for her punishment elsewhere, it is not to be supposed that the legislature contemplated or intended that an offender against the laws of the state should go unpunished pending the erection of the institution the act contemplated. Yet such would be the effect if the appellant's contention be sustained. If she cannot be punished under the existing general statutes, she cannot be punished at all. But this is not in accord with the policy of the laws. Punishment for crime is provided because of its deterrent effect on the commission of crime, and the laws should not be construed as intending to prevent such punishment unless no other alternative is permissible. We cannot hold that such was the intent in this instance.

The judgment is affirmed.

MITCHELL, C. J., TOLMAN, HOLCOMB, and BEALS, JJ., concur.