[No. 21838. Department Two. July 18, 1929.]

THE STATE OF WASHINGTON, *Respondent*, v. O. W. POWELL, *Appellant*.[1]

*Charles H. Miller,* for appellant.

*James W. Bryan,* for respondent.

PARKER, J.—This is an appeal by the defendant, Powell, from a judgment of the superior court for Kitsap county sentencing him to the penitentiary upon a third conviction of the violation of our intoxicating liquor prohibition law. Appellant was, by count 1 of

[1]Reported in 279 Pac. 573.

the information, charged with the offense of unlawfully selling intoxicating liquor in that county, and further charged with two prior convictions of violation of our intoxicating liquor prohibition law. By counts 2, 3, 4, 5 and 6 of the information, appellant was further charged with additional later violations of our intoxicating liquor prohibition law. Being arraigned, appellant pleaded not guilty. Thereafter he asked to be permitted to withdraw his plea of not guilty and enter a plea of guilty to count 1 of the information. The trial judge permitted this to be done, and caused record thereof to be entered as follows:

"Defendant asks permission to withdraw plea of not guilty heretofore entered and enter a plea of guilty to count one of information. Permission granted and defendant pleads that he is guilty to count one as charged in information. Sentence deferred."

Appellant was then permitted to remain at large, evidently upon bail. Nothing further was done in the case until a considerable time thereafter, when appellant was, by a show cause order, cited into court looking to the rendering of final judgment against him upon his plea of guilty to count 1 of the information. He then resisted the rendering of final judgment against him upon his plea of guilty to count 1. Appellant's contentions in that behalf being overruled, the court rendered final judgment against him, sentencing him to the penitentiary upon his plea of guilty to count 1 of the information. It is from this judgment that this appeal is prosecuted.

It is contended in behalf of appellant that the trial court erred in deferring sentence. His counsel seems to rely upon the following mandatory language of Rem. Comp. Stat., § 2190:

"After verdict of guilty or finding of the court against the defendant, if the judgment be not arrested

or a new trial granted, the court must pronounce judgment.''

We assume that this language is mandatory as applicable to a plea of guilty as well as to a verdict of guilty; but we cannot see that the mere deferring of sentence upon appellant's plea of guilty deprived the court of the power to later render judgment and sentence thereon. Appellant also seems to contend in the alternative that this was a suspension of sentence under the following language of Rem. Comp. Stat., § 2280:

''Whenever any person never before convicted of a felony or gross misdemeanor shall be convicted of any crime except murder, burglary in the first degree, arson in the first degree, robbery, carnal knowledge of a female child under the age of ten years, or rape, the court may in its discretion, at the time of imposing sentence upon such person, direct that such sentence be stayed and suspended until otherwise ordered by such court, . . . ''

This language plainly contemplates the staying of execution of sentence after it is pronounced in the form of a judgment. *State v. Stuttard,* 151 Wash. 694, 277 Pac. 83. When the court entered of record, ''Sentence deferred,'' no sentence judgment had been rendered against appellant. This, we think, answers counsel's seeming further contention that, if the deferring of sentence did not free him, it was in effect a suspension of sentence, and that, in the light of the showing made, the court was not warranted in revoking such suspension.

It is contended in behalf of appellant that the trial court erred in denying his motion to permit the withdrawal of his plea of guilty and enter a plea of not guilty. This was a ruling within the discretion of the trial court, which we should not disturb in the absence of a clear abuse of such discretion. *State v.*

*Cimini,* 53 Wash. 268, 101 Pac. 891; *State v. Salmeier,* 148 Wash. 627, 269 Pac. 798. Plainly, the record brought here does not call for our interference with this ruling of the court.

■ Some contention is made in behalf of appellant, and presented to us practically without argument, that the court erred in denying his motion to arrest judgment upon the statutory ground, "That the facts stated in the . . . information do not constitute a crime or misdemeanor." Rem. Comp. Stat., § 2183, subd. 2. We think we need say no more than that this contention is without merit.

Some contention is made in behalf of appellant that the trial court erred to his prejudice in failing to formally dispose of the charges in the information embodied in counts 2 to 6, inclusive. We assume that nothing has been done concerning these counts since appellant withdrew his plea of not guilty and entered his plea of guilty to count 1, though the record brought here does not so inform us. We are unable to see that the question of disposal of those counts of the information is of any consequence in our present inquiry. If further prosecution is sought under any of them, appellant will have ample opportunity to protect his legal rights in resisting such prosecution.

■ It is contended in behalf of appellant that the court erred in sentencing him as for a third conviction, as charged in count 1 of the information, upon his plea of guilty thereto. Our intoxicating liquor prohibition law, in so far as need be here noticed, referring to sections of Remington's Compiled Statutes, reads as follows:

"7338. Every person convicted of a violation of the provision of this act, for which the punishment is not specifically prescribed, shall be punished by a fine of not more than two hundred and fifty dollars or by im-

prisonment in the county jail for not more than ninety days or by both such fine and imprisonment.

"Every person convicted of the sale, barter or exchange of intoxicating liquor or of the keeping or transporting of any such liquor with intent to sell, barter or exchange the same shall be punished by a fine of not less than $250 nor more than $500 and by imprisonment in the county jail for not less than sixty days nor more than six months. Every person convicted a second time of the sale, barter or exchange of intoxicating liquor or of the keeping or transporting of any such liquor with intent to sell, barter, or exchange the same shall be punished by a fine of not less than $500 nor more than $1,000, and by imprisonment in the county jail for not less than four months nor more than one year.

"7339. Every person convicted the second time of a violation of any provision of this act, for which the punishment is not specifically prescribed, shall be punished by a fine of not less than two hundred nor more than five hundred dollars and by imprisonment in the county jail for not less than thirty days nor more than six months *and every person convicted the third time of a violation of any provision of this act shall, for such third and each subsequent conviction, be punished by imprisonment in the penitentiary for not less than one nor more than five years.*"

We italicize the language we deem controlling of this contention. It is argued that, since this is a case of a charge and conviction upon a plea of guilty of an unlawful sale of intoxicating liquor, for a first and second conviction of which punishment is specifically prescribed by § 7338, such specific provision precludes consideration of a conviction of an unlawful sale of intoxicating liquor, as a third conviction of a violation of our intoxicating liquor prohibition law as a basis for increase of punishment to the degree of a penitentiary offense. It seems to us that the above italicized language of § 7339 has reference to a conviction of the unlawful sale of intoxicating liquor, when it is a third

conviction of violation of our intoxicating liquor prohibition law, as well as to a conviction of any other violation of our intoxicating liquor prohibition law when it is a third conviction of violation thereof. Sections 7338 and 7339, above quoted, were enacted as amendments to our original intoxicating liquor prohibition act. See Laws of 1915, ch. 2, p. 16; Laws of 1917, ch. 19, p. 61; Laws of 1921, ch. 122, p. 299. So those sections are both a part of one act. While the second conviction provision of § 7338 is special as to the offenses therein specified, we are of the opinion that the third conviction provision of § 7339 is applicable to all third convictions of violation of the act. We conclude that the court did not err in rendering judgment against appellant sentencing him to the penitentiary upon a third conviction under § 7339, above quoted.

The judgment is affirmed.

MILLARD, MAIN, FRENCH, and TOLMAN, JJ., concur.