[No. 21687.   Department One.   December 17, 1929.]

THE STATE OF WASHINGTON, *Respondent*, v. EDWARD THOMPSON, *Appellant*.[1]

*Anderson & Richards* and *Earl W. Husted,* for appellant.

*Charles R. Denney,* for respondent.

PARKER, J.—The defendant, Thompson, was, by information filed by the prosecuting attorney of Snohomish county in the superior court for that county, charged with the offense of unlawfully having in his possession intoxicating liquor with intent to sell the same; and further charged with having been formerly convicted of the offense of unlawful possession of in-

[1]Reported in 283 Pac. 182.

toxicating liquor. His trial in the superior court for that county, sitting with a jury, resulted in a verdict finding him "guilty of possession of intoxicating liquor with intent to sell the same;" and also finding that he had, prior thereto, been once convicted by a judgment of that court of the offense of "unlawful possession of intoxicating liquor." Final judgment was rendered against him upon the first finding of the verdict alone. From this judgment of the court rendered against him, Thompson has appealed to this court.

Counsel for the state moved to strike from the record of the cause appellant's proposed statement of facts for want of its timely service and filing in the case in the superior court. Final judgment was rendered against appellant on March 29, 1928; so the period within which he was required to take his appeal then commenced to run, and at that time also the ninety-day period, within which he was required to serve and file his proposed bill of exceptions or statement of facts, commenced to run. Rules VII and X, adopted January 14, 1927, 140 Wash. pp. xxxix, xlii (Rem. 1927 Sup., § 308-7, 308-10). Appellant's proposed statement of facts was not served or filed until more than nine months thereafter, it being served and filed on January 16, 1929. Thus, it becomes plain that the statement of facts must be stricken and not considered as properly a part of the record of the cause. It is so ordered. See *State v. Sholund,* 153 Wash. 398, 279 Pac. 591, and our former decisions therein noticed. There is no other bill of exceptions or statement of facts in the record of the cause before us, so we are limited in our present inquiry to such claim of error as is disclosed by the record apart from any bill of exceptions or statement of facts.

It is contended in behalf of appellant that the

trial court erred to his prejudice in allowing to be brought into the case by the information and evidence the question of his prior conviction of unlawful possession of intoxicating liquor; the argument being that such charge is not proper to be made or proven accompanying a charge of unlawful possession of intoxicating liquor with intent to sell the same. It seems plain to us that appellant was, by this information, charged with violating both of the following provisions of sections of Remington's Compiled Statutes:

"§ 7309. It shall be unlawful for any person to . . . keep any intoxicating liquor, with intent to sell . . . the same, . . ."
"§ 7328. It shall be unlawful for any person . . . to have in his possession any intoxicating liquor. . . ."

We omit certain stated exceptions in these sections with which we are not here concerned. It is plain under these provisions that the offense of unlawful possession is included in the offense of unlawful possession with intent to sell. There is no specifically prescribed punishment for unlawful possession, though there is for unlawful possession with intent to sell, in Rem. Comp. Stat., § 7338. As to the punishment for unlawful possession, we have to look to the blanket provision of that section, reading as follows:

"Every person convicted of a violation of the provision of this act, for which the punishment is not specifically prescribed, shall be punished by a fine of not more than two hundred and fifty dollars or by imprisonment in the county jail for not more than ninety days or by both such fine and imprisonment."

In Rem. Comp. Stat., § 7339, we read:

"Every person convicted the second time of a violation of any provision of this act, for which the punishment is not specifically prescribed, shall be punished by a fine of not less than two hundred nor more than

five hundred dollars and by imprisonment in the county jail for not less than thirty days nor more than six months . . ."

This is followed by a provision making it the duty of the prosecuting attorneys to make an additional charge against the accused of his prior conviction, if there be any known to the prosecuting attorney.

Here, then, we have, in legal effect, in this information an included charge of unlawful possession of intoxicating liquor, as to which, as we have seen, there is no specifically prescribed punishment. It seems to us to plainly follow that it was proper to charge in this information a prior conviction of unlawful possession. Our decision in *State v. Magnusson,* 128 Wash. 541, 223 Pac. 325, plainly supports this conclusion, though in that case there was involved a bootlegging charge which included the lesser offense of possession. Our later decision in *State v. Powell,* 153 Wash. 110, 279 Pac. 573, is in harmony with, and lends support to, this conclusion. All of the statutory provisions here quoted are embodied in one law, though some of them became a part thereof by legislative amendment after the original enactment of the law. Chapter 2, Laws of 1915, p. 16, § 31, amended by chapter 19, Laws of 1917, p. 61, § 14, amended by chapter 122, Laws of 1921, p. 398, § 1 (Rem. Comp. Stat., § 7338). We conclude that the trial court did not err in allowing the question of appellant's prior conviction to be brought into the case.

We do not find among the other claims of error any which we can consider in the absence of a bill of exceptions or statement of facts.

The judgment is affirmed.

MITCHELL, C. J., TOLMAN, BEALS, and MILLARD, JJ., concur.