[No. 22258. Department Two. March 28, 1930.]

THE STATE OF WASHINGTON, *Respondent*, v. E. A. WENGREN, *Appellant*.[1]

*Anderson & Richards*, for appellant.

*Charles R. Denney*, for respondent.

[1]Reported in 286 Pac. 102.

HOLCOMB, J.—Appellant was found guilty and judgment entered against him in the lower court upon a misdemeanor charging also a previous conviction of a misdemeanor, of which the jury found him guilty, from which he appeals.

The information under which he was convicted is as follows:

"He, the said E. A. Wengren, in the county of Snohomish, state of Washington, on or about the 18th day of December, 1928, did willfully and unlawfully have in his possession a quantity of intoxicating liquor other than alcohol, to wit: about one pint and one half of moonshine whiskey, one half pint of gin and nineteen quarts of beer;

"He, the said E. A. Wengren, was, on the 31st day of January, 1928, convicted of the unlawful possession of intoxicating liquor, in the justice's court of Everett precinct, Snohomish county, Washington;"

The first error urged by appellant is that the court erred in overruling his demurrer to the information. His contention is that Rem. Comp. Stat., § 7339, has been repealed or superseded.

Section 7339, among other things, provides for an increased punishment for the second conviction of any offense for which no specific penalty is provided. Section 7328, defining the crime of possession, provides no specific penalty, but the penalty for possession must be found in § 7338, which provides for a fine of not more than $250 or imprisonment in the county jail for not more than ninety days, or both, for the conviction of the violation of the provisions of the act for which no specific punishment is prescribed. This information is based upon § 7339.

We have held that §§ 7338 and 7339 were enacted as amendments to the original intoxicating liquor prohibition act; that they are both parts of the same act; that the second conviction provision of § 7338 is special

as to offenses therein specified and that the third provision of § 7339 is applicable to all three convictions of violation of the act. *State v. Powell,* 153 Wash. 110, 279 Pac. 573.

Although that case involved a third conviction, the decision of this court that §§ 7338 and 7339 are amendments to the original intoxicating liquor prohibition act decides the contention of appellant that § 7339 had been repealed, adversely.

We have further held—which sustains the information here—that it is the duty of the prosecuting attorneys to allege prior convictions even though such prior convictions could not affect the sentence to be imposed under our statute. *State v. Brames,* 154 Wash. 304, 282 Pac. 48; *State v. Thompson,* 154 Wash. 663, 283 Pac. 182.

Appellant assigns errors, also, in submitting the form of verdict following the information and the charge as made and allowing testimony of the former conviction to go to the jury as a part of the state's case.

These errors, also, under the foregoing considerations, must be decided adversely to appellant.

The evidence for the state showed that a deputy sheriff went to the premises occupied by appellant on December 18, 1928, concealed himself near the house, saw appellant come out of his house, go back of the house with a flash light and return to the house with several bottles of beer. A short time later, appellant was seen by the deputy sheriff to go to a wood-shed, take something into the house and when the deputy sheriff followed him into the house, he found two-thirds of a pint of whiskey and half a pint of gin in a box in the kitchen. In the bedroom, under a quilt and coat, on the pillow, a pint of whiskey in a bottle was found. A pitcher and four or five glasses sat on the

table when the deputy entered, and four other parties were in the house besides appellant whom the deputy sheriff had seen arriving. The sheriff was called and he came out to the place in about an hour, arrested appellant, took the above mentioned liquor and articles into his possession, took appellant to jail where he remained all night. The next morning the deputy sheriff returned to the premises and found seventeen or eighteen bottles of beer in the place where he had seen appellant go with a flash light the evening previous, just back of the house. The evidence showed that the place where the beer was found was some three hundred feet distant from the house, between appellant's house and the county road.

Appellant complains of the admission in evidence of the bottles of beer found by the deputy sheriff the next day when appellant was not on the premises, but was in jail.

The evidence above mentioned strongly indicated that the place where appellant went on the evening before was a cache for the beer, and notwithstanding the distance from his house where it was situated, he was connected with the cache by the evidence. The evidence was therefore properly admitted.

 Appellant assigns error in the ruling of the court in admitting in evidence statements made by the deputy sheriff in the presence of appellant with regard to the liquor and where it was found. The following excerpt shows its nature:

"Q. Did Mr. Garka [the deputy] make any statement to you in the presence of the defendant here with regard to where the liquor was when he found it? MR. RICHARDS: Objected to as immaterial and hearsay. THE COURT: It will be overruled. Defendant excepts. A. Yes, he did. Q. What did he say? A. He said that the gin and the pint flask of whiskey two-thirds full was found in the box on the east end of the house,

and the other full pint was found on the pillow under the quilts in the bed. Q. He told you that that is where he found them, did he? A. Yes, sir. Q. Did Wengren deny that? Mr. Richards: I am objecting to this on the ground it is irrelevant and immaterial. The Court: It will be overruled. Defendant excepts. A. Well, I don't remember whether he denied it at that time or not, but I think later he denied it.

"That is all."

At another time the witness stated, without qualification, that appellant denied it. It is argued that mere accusation of one against another of the commission of a crime or statement of facts which constitute a crime, together with the silence of the person accused, is not competent evidence and the foregoing testimony did not relate to the *res gestae*.

Granting that, when one, on being accused of crime, remains silent, such silence constitutes no admission of crime, the evidence which went to the jury was that appellant denied the statements made by the officer. This cured and removed any damage or prejudice that might otherwise have occurred.

 Appellant complains of the admission in evidence of the water pitcher and glasses heretofore mentioned. Although unimportant, those articles were part of the articles found by the officers and taken by them at the time of their discovery of the liquor. There could be no possible prejudice created by the introduction of those articles.

 Appellant complains of an instruction which reads:

"You are further instructed that 'moonshine whiskey,' 'gin' and 'beer' are intoxicating liquor and it is not necessary to introduce evidence to prove the intoxicating properties or alcoholic content contained in such liquids."

Beer is one of the liquors defined in Rem. Comp. Stat., § 7307, as "intoxicating liquor." So, also, are whiskey and gin which were included within this instruction. No complaint is made of the inclusion of the words "whiskey" and "gin," but only of the word "beer."

Inasmuch as there was ample evidence to go to the jury of the possession of whiskey and gin, the inclusion of the word "beer" would be unprejudicial, but at any rate it is defined as intoxicating liquor by the statute.

There was no prejudicial error in the instruction.

We find no error justifying reversal. The judgment is affirmed.

MITCHELL, C. J., FULLERTON, MILLARD, and MAIN, JJ., concur.