[No. 27567.   *En Banc.*   December 22, 1939.]

WALTER H. PATTISON *et al., Appellants,* v. CHESTER P. WALKER, *Respondent.*[1]

*E. N. Funk,* for appellants.

*Cheney & Hutcheson,* for respondent.

MAIN, J.—The plaintiffs brought this action seeking to have a real estate mortgage canceled and the title to the property covered thereby quieted in them as against the claimed lien of the mortgage.   The defendant denied the right of the plaintiffs to any relief and, by cross-complaint, sought to foreclose the mortgage.

[1]Reported in 97 P. (2d) 160; 100 P. (2d) 20.

The trial to the court without a jury resulted in a decree denying any relief to the plaintiffs and ordering the foreclosure of the mortgage. From this decree, the plaintiffs appeal.

At the threshold of this appeal, there is a jurisdictional question the decision of which will require the striking of the statement of facts. The decree was entered November 5, 1938. Motion for new trial was made November 7, 1938. The order denying the motion was signed and filed December 17, 1938. The notice of appeal was made December 31, 1938.

A purported statement of facts, in narrative form, was filed March 16, 1939. Subsequently, the respondent moved to strike this purported statement of facts and noted motion for hearing on a certain day. When the matter came before the court, it was stipulated by the attorneys for the respective parties that the motion might be stricken and that the appellants would prepare and file a transcript of the proceedings of all the trial, so far as they pertained to the first cause of action. This latter statement of facts was filed April 28, 1939, more than ninety days after the order denying the motion for new trial was signed and filed.

■ Under the provisions of Rule of Supreme Court IX, 193 Wash. 9-a, it is necessary that a bill of exceptions or statement of facts be served and filed either before or within ninety days after the time begins to run within which an appeal may be taken from a final judgment in the case. The filing of the statement within a ninety-day period, as required by the rule and statute, is jurisdictional and may be raised at any time, or may be raised by the court of its own motion. *McCrabbe v. Jones,* 171 Wash. 326, 17 P. (2d) 860; *Nudd v. Seattle,* 188 Wash. 273, 62 P. (2d) 43; *Louring v. Louring,* 199 Wash. 351, 91 P. (2d) 729.

■ Parties to the litigation cannot, by stipulation,

give this court authority to entertain jurisdiction. *Washington Beauty College v. Huse,* 195 Wash. 160, 80 P. (2d) 403; *State v. Diamond Tank Transport,* 200 Wash. 206, 93 P. (2d) 313.

It is said, however, that the second statement of facts was but an amendment of the prior narrative statement. In the case of *Tremblay v. Nichols,* 187 Wash. 109, 59 P. (2d) 1123, it was held that a supplemental statement filed after the ninety-day period could not be entertained. In the case now before us, the second statement is referred to as an amendment of the first. But this is no different than if it had been called a supplemental statement. It does not appear, however, that the second statement was intended, when it was filed, to supplement the first. The reason given for the failure to file the second statement in time was that the court reporter had been ill and caused the delay in its preparation.

In each of the cases of *State v. Sholund,* 153 Wash. 398, 279 Pac. 591, and *State v. Thompson,* 154 Wash. 663, 283 Pac. 182, the statement of facts was stricken because not filed within the ninety-day period. While it is not recited in either of those opinions, the excuse sought to be given for not filing the statement within the required period was that the court reporter's eyes during that period were in such condition that she was unable to transcribe her notes. The effect of those cases is that illness is not an excuse.

There is no alternative but to strike the statement of facts, and it is so ordered. The statement of facts having been stricken, there is nothing in the record upon which a contention for the reversal of the decree can be based, and it will be affirmed.

BLAKE, C. J., STEINERT, MILLARD, SIMPSON, and JEFFERS, JJ., concur.

BEALS, J. (dissenting)—There can be no question but that the opinions of this court cited in the majority opinion, and others which might be referred to, support the conclusion reached by the majority in holding that the statement of facts should be stricken. Notwithstanding this, in my opinion, our prior opinions should be re-examined and a less rigid rule adopted.

It clearly appears that the official court reporter who took down the testimony at the trial of the case at bar fell ill and was unable to transcribe her notes within the ninety-day period allowed for the filing of a proposed statement of facts. The reporter was an official agent of the court; under the law, a link in the chain of judicial procedure. Through no fault of appellants or of anyone else, the judicial machinery was unable to function. Appellants then did the only thing possible—they filed, as a proposed statement of facts, a narrative account of the evidence based upon available data. It does not appear that this narrative statement was not prepared in entire good faith. Upon some question arising as to its sufficiency, however, the statement was made that the official reporter was then able to transcribe her notes, and, this having been accomplished, a complete statement of facts was prepared and filed.

In the cases of *State v. Sholund*, 153 Wash. 398, 279 Pac. 591, and *State v. Thompson*, 154 Wash. 663, 283 Pac. 182, cited in the opinion of the majority, it did not appear that the appellants had, during the ninety-day period, and while the official reporter was unable to transcribe her notes, filed a narrative statement of facts. In my opinion, this fact renders those cases inapposite.

In the case at bar, appellants might have insisted that their narrative statement of facts be certified,

possibly after amendment; but to save all possible question, appellants procured a complete verbatim transcript of the testimony. This was evidence of their good faith and a distinct advantage to this court, as well as to the parties, as both appellants and respondent could rest assured that, on appeal, the facts would be fully presented. In my opinion, the complete transcript of the testimony should be considered as an amended or supplemented statement of facts and, as such, properly before us. If such course be not followed, then it seems to me that appellants may still present their narrative statement of facts to the trial court for certification.

For the reasons stated, I dissent from the conclusion reached by the majority.

GERAGHTY and ROBINSON, JJ., concur with BEALS, J.

### ON REHEARING.

[*En Banc.* March 14, 1940.]

PER CURIAM.—Upon a rehearing *En Banc,* a majority of the court adheres to the Departmental opinion heretofore filed herein.