[No. 10377.   Department Two.   August 26, 1912.]

SAMUEL MILLER *et al.*, *Respondents*, v. SPOKANE BAKERY
COMPANY, *Appellant*.[1]

MUNICIPAL CORPORATIONS—STREETS—USE—COLLIDING WITH AUTO-
MOBILE—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.   Whether a
pedestrian struck by an automobile while walking diagonally across
a street between crossings was guilty of contributory negligence, is
for the jury, where there was doubt as to whether she was paying
attention to traffic.

APPEAL—REVIEW—BRIEFS.   Claims of error not discussed in the
briefs or mentioned in the oral argument will not be noticed on
appeal.

Appeal from a judgment of the superior court for Spo-
kane county, Black, J., entered October 14, 1911, upon the
verdict of a jury rendered in favor of the plaintiffs, in an
action for injuries sustained in a collision with an automobile.
Affirmed.

*Cannon, Ferris & Swan* and *Walter A. White*, for appel-
lant.

*O. C. Moore*, for respondents.

MORRIS, J.—Action to recover damages for injuries sus-
tained by the respondent wife, as the result of being struck
by an automobile truck driven by an employee of appellant.
A verdict of $1,000 was returned, and this appeal is taken
from the judgment, alleging error in denying motions for
nonsuit, for directed verdict, and for judgment notwith-
standing verdict.

These motions all raise the question of contributory neg-
ligence on the part of Mrs. Miller, and are predicated upon
appellant's contention as to the point in the street where the
accident occurred, and as to whether Mrs. Miller was cross-
ing the street at the regular crossing or whether she was

[1]Reported in 125 Pac. 1021.

walking diagonally across the street between crossings, paying no attention to traffic. Mrs. Miller's testimony is not free from doubt upon this point, but after a careful reading of her whole testimony, we cannot say appellant's theory is so well sustained as to cause us to hold, in the face of the verdict, that she was guilty of contributory negligence. The case is not similar in this respect to *Harder v. Matthews*, 67 Wash. 487, 121 Pac. 983, upon which appellant strongly relies. In that case Mrs. Harder was attempting to diagonally cross a crowded street near the middle of the block, while looking nearly opposite to the direction she was going, and stepped from behind an express wagon into the street and was immediately struck by the automobile. We held under such circumstances she was guilty of contributory negligence. The evidence before us does not establish kindred facts, to such an extent as to cause us to overrule the verdict and say, as a matter of law, Mrs. Miller was guilty of contributory negligence. No good purpose would be served by quoting the testimony as to the point in the street Mrs. Miller had reached when she was struck. Counsel do not agree in their interpretation of the testimony as to this point, and we confess to being unable ourselves to determine it. We cannot therefore say the verdict is erroneous, or that it should have been set aside.

Error is predicated upon two instructions. These claims of error are not discussed in the briefs, nor were they referred to upon the oral argument. We therefore assume counsel for appellant does not now desire to raise any question on the instructions.

Some complaint is also made upon the admission of testimony as to the distance within which the auto truck could be stopped. We find no error here sufficient to reverse the judgment.

The judgment is affirmed.

MOUNT, ELLIS, PARKER, and FULLERTON, JJ., concur.