[No. 21657. Department One. May 23, 1929.]

# THE STATE OF WASHINGTON, *Respondent*, v. JOHN J. STACK, *Appellant*.[1]

[1]Reported in 277 Pac. 856; 280 Pac. 930.

*Charles H. Miller,* for appellant.

*Ewing D. Colvin* and *James M. Bailey,* for respondent.

MITCHELL, C. J.—John J. Stack and others were prosecuted for opening up, conducting and maintaining a place for the unlawful sale of intoxicating liquor in King county. He was convicted and has appealed.

In the information, he was charged, under the provisions of Rem. Comp. Stat., § 7339, with a prior conviction of the crime of being a jointist, and by demurrer and otherwise, he claimed in the trial court, and still contends here, that this allegation was prejudicial to, and violated, his rights under both the Federal and state constitutions. However, in *State v. Dericho,* 107 Wash. 468, 182 Pac. 597, we held otherwise and stated:

"So far as we have discovered, similar provisions of other states have been upheld wherever their constitutionality has been questioned."

In a number of later cases we have uniformly upheld the rule thus announced, and are satisfied to adhere to it.

Appellant contends further that he is denied the equal protection of the law, because Rem. Comp. Stat., § 7328, provides that it shall be unlawful for any person, except a regularly ordained clergyman, priest or rabbi actually engaged in administering to a religious congregation, to have in his possession any intoxicating liquor other than alcohol. That is, if such clergyman, priest or rabbi, for the purpose mentioned, is entitled to have the possession of intoxicating liquor,

other than alcohol, that he, the appellant, is also entitled to have possession of it, although he does not pretend to come within the exempted class. Here, however, the appellant is not accused of the crime of unlawful possession of liquor, but of being a jointist, and besides, the exemption mentioned in the statute, which he claims discriminates against him, reflects, in our opinion, a sound public policy entirely within the power of the legislature to provide.

Further, it is contended that certain bottles of intoxicating liquor seized by the officers were improperly admitted in evidence because, as it is claimed, they were taken by an officer who had no search warrant. We have a different understanding of the evidence, however, so far as its legal effect is concerned. True, a police sergeant actually discovered and took possession of the liquor at appellant's place of business, and it is also true that he had no search warrant, as appellant now argues, but the police sergeant testified that he was assisting a Federal officer present in making the search, and that the Federal officer did have a search warrant.

An instruction to the jury, on the subject of persons cooperating in the maintaining of a place for the unlawful sale of intoxicating liquor, complained of by the appellant in one of his assignments of error, is the same in wording and was taken from one upon that subject quoted and approved by us in *State v. Pistona*, 127 Wash. 171, 219 Pac. 859, which we think is correct.

Further, it is claimed that the court erred in refusing to give appellant's requested instructions numbered 1, 2, 3 and 4. The assignment is in no way argued or further referred to in the brief or orally, and we treat the assignment as abandoned by the appellant. The instructions that were given to the jury were

in our opinion fair to both sides and full and complete.

█ Objection is also urged to certain testimony relating to the reputation of the place in question, which it is said was improper. But, as we understand the record, this testimony was brought out by counsel for the appellant in his cross-examination of one of the state's witnesses, and after it was given, whether responsive to questions or not, there was no mention to strike it or to have the jury disregard it.

Other stated assignments of error require no further consideration.

Affirmed.

FULLERTON, TOLMAN, HOLCOMB, and BEALS, JJ., concur.

## ON REHEARING.

[*En Banc.* October 9, 1929.]

PER CURIAM.—Upon a rehearing En Banc, a majority of the court adheres to the opinion heretofore filed herein. Judgment affirmed.