[No. 21815. Department Two. November 12, 1929.]

THE STATE OF WASHINGTON, *Respondent*, v. PETER D. BRAMES *et al., Appellants.*[1]

[1]Reported in 282 Pac. 48.

*C. D. Liliopoulos,* for appellants.

*Ewing D. Colvin* and *James M. Bailey,* for respondent.

MILLARD, J.—The first of the two counts of the information in this case charges the four defendants with being jointists. By the second count, the defendants Brames and Larigas are charged with a prior conviction of unlawful possession of intoxicating liquor. On the first trial, the jury could not agree upon a verdict. Larigas failed to appear for the second trial, and his bond was forfeited. The second trial of the three other defendants resulted in verdict and judgment of conviction against Brames and Coliniatis of being jointists, from which they have appealed. Kost was acquitted.

The two counts of the information are as follows:

"They, the said Tom Larigas, George Kost, Peter D. Brames and James Coliniatis, and each of them, in the county of King, state of Washington, on or about the 1st day of January, A. D. 1927, and on divers days and dates thence and continuously to and including on or about the 4th day of April, A. D. 1928, wilfully, unlawfully and feloniously, did then and there open up, conduct, and maintain a place for the unlawful sale of intoxicating liquor.

"That they, said Peter D. Brames, and Tom Larigas, alias Thomas Larigan, and each of them in the county of King, state of Washington, on the 6th day of April, A. D. 1923, were convicted of the crime of keeping intoxicating liquor in possession before C. C. Dalton, justice of the peace in and for Seattle precinct, King county, Washington."

Appellants first contend that the information did not conform to the statutory requirements and that the court erred in overruling their demurrer thereto. It is argued that appellants were convicted under Rem. Comp. Stat., § 7328, of being jointists, a felony punishable by one to five years' imprisonment, which can not be increased because of a previous conviction of violation of the liquor law; and that the second count of the information, charging Brames with a prior conviction of unlawful possession, can only be understood in connection with the aggravated offense under Rem. Comp. Stat., § 7339. The pertinent provisions of our prohibition law are as follows:

"It shall be unlawful for any person other than a regularly ordained clergyman, priest or rabbi actually engaged in ministering to a religious congregation, to have in his possession any intoxicating liquor other than alcohol.

"Any person who opens up, conducts or maintains, either as principal or agent, any place for the unlawful sale of intoxicating liquor, be and hereby is defined to be a 'jointist.' Any person who carries about with him intoxicating liquor for the purpose of the unlawful sale of the same be and hereby is defined to be a 'bootlegger.' Any person convicted of being either a 'jointist' or 'bootlegger' as herein defined shall be deemed guilty of a felony and shall be punished by imprisonment for not less than one nor more than five years.

"A violation of any of the provisions of this section shall constitute a separate, substantive offense irrespective of any other provisions of this act. Laws of 1917, p. 60, § 11; Rem. Comp. Stat., § 7328.

"Every person convicted the second time of a violation of any provision of this act, for which the punishment is not specifically prescribed, shall be punished by a fine of not less than two hundred nor more than five hundred dollars and by imprisonment in the county jail for not less than thirty days nor more than six months and every person convicted the third time of

a violation of any provision of this act shall, for such third and each subsequent conviction, be punished by imprisonment in the penitentiary for not less than one nor more than five years. Every prosecuting attorney, and every justice of the peace, having knowledge of any previous conviction or convictions of any person accused of violating this act, shall in preparing a complaint, information or indictment, for subsequent offenses, allege such previous conviction or convictions therein, and a certified transcript from the docket of any justice of the peace, or a copy of the record of any court of record, certified by the clerk thereof under the seal of the court, shall be sufficient evidence and proof of such previous conviction or convictions." Laws of 1917, p. 61, § 15; Rem. Comp. Stat., § 7339.

The language of the statute, Rem. Comp. Stat., § 7339, is clear and mandatory.

*"Every prosecuting attorney . . . having knowledge of any previous conviction or convictions of any person accused of violating this act, shall in preparing . . . information or indictment, for subsequent offenses, allege such previous conviction or convictions therein, . . ."*

Determinative of the question of a prosecuting attorney's duty of making such charge of previous convictions in prosecutions for the felony charge of being a jointist is *State v. Stack,* 152 Wash. 284, 277 Pac. 856, 280 Pac. 930. In that case, the information charged the appellant with being a jointist, and also charged the appellant, under the provisions of Rem. Comp. Stat., § 7339, with a prior conviction of the crime of being a jointist. We said, in answer to the appellant's contention that the allegation of prior conviction of being a jointist was prejudicial to, and violated, his constitutional rights:

"However, in *State v. Dericho,* 107 Wash. 468, 182 Pac. 597, we held otherwise and stated: 'So far as we have discovered, similar provisions of other states

have been upheld wherever their constitutionality has been questioned.' In a number of later cases we have uniformly upheld the rule thus announced, and are satisfied to adhere to it.''

In *State v. Stack, supra,* the conviction of the appellant could not result in increased punishment by reason of prior conviction. Neither did appellant Brames, in the case at bar, who was convicted of being a jointist, receive, nor could he have been given, a severer sentence by reason of prior conviction of unlawful possession of liquor.

It is the legislative mandate that the prosecuting attorney, when charging one with the violation of any provision of the prohibition law, shall allege in the information prior convictions of violation of any section of that law. Such enactment is within the province of the legislature, and, as no constitutional rights of the defendants are thereby infringed, we may not question the underlying purpose of that legislation. Whatever the purpose of the legislature, it was not only proper under Rem. Comp. Stat., § 7339, for the prosecuting attorney to charge the defendant with a prior conviction of violation of the liquor law, it was his duty. Such a rule is harsh, but any rule or enactment that aids in the conviction of an offender is severe—to the guilty. A drastic rule, true, yet it is the law. Only the recidivist has cause for apprehension.

 It is next complained that the court erred in not instructing the jury to disregard testimony to the effect that appellants were selling liquor at 200 Fourth avenue south. The testimony is as follows:

''Q. Where did you first meet the defendants Brames and Coliniatis? A. They were selling liquor at 200 Fourth avenue south. Q. That is several doors below —A. That is about eight or ten doors—Mr. Liliopoulos: Just a minute—A. North of 212 Fourth avenue south. Mr. Liliopoulos: Of course it is too late to object

now. We are dealing with a skillful witness. But I do think that an instruction, in view of my experience at the former trial, would be quite appropriate at this time, to end a continuation of objections. THE COURT: We will have no argument now. Make your objections. MR. LILIOPOULOS: I object to this as not being responsive to the question. THE COURT: Nothing before the court at present. Ask another question. Proceed.''

Doubtless the court would have stricken, as not responsive, the answer, ''They were selling liquor at 200 Fourth avenue south,'' had a motion been made to strike the same. Appellants made no such motion, the court was not informed what portion of the testimony was objectionable, nor was request made that the court instruct the jury to disregard the testimony. The assignment is without merit.

■. That the prosecuting attorney was permitted, over objection, to ask appellant Brames on cross-examination concerning his occupation since 1922, is assigned as error.

''Q. From 1922 up to the present time, you have made your living selling intoxicating liquor? A. No, sir, I don't make my living from liquor.''

This was not prejudicial. As stated in *State v. Gleen*, 135 Wash. 153, 237 Pac. 292:

''If it be conceded that the court erred in his ruling, it must be held that the error was without prejudice because the witness answered in the negative.''

■ Equally without merit is the assignment that the court erred in permitting the prosecuting attorney to cross-examine the appellants regarding the nature and details of prior convictions. The cross-examination disclosed that one of the appellants had been convicted of the crime of being a jointist and an appeal had been taken from the judgment; that the other appellant had been convicted of the crime of unlawful

possession of intoxicating liquor. In *State v. Steele*, 150 Wash. 466, 273 Pac. 742, the appellants argued that the action of the court was an abuse of the statutory provision (Rem. Comp. Stat., § 2290), permitting the conviction of a crime to be proved against a witness to affect the weight of his testimony. We there said:

"An examination of the statute will show that it is somewhat minute in its provisions. It permits the former convictions to be shown by the record of the conviction, by an authenticated copy thereof, by other competent evidence, or by cross-examination of the witness, 'upon which he shall answer any proper question relevant to that inquiry,' and provides that the cross-examining party shall not be concluded by the answers of the witness.

"It is at once apparent, of course, that if the record of the conviction is introduced, it will of necessity show the nature of the offense and the extent of the punishment, and, since cross-examination is only an alternate method of proving the conviction, we see no reason why the witness may not be examined as to any matter the record will show, and this we think was the purpose of that part of the statute we have above quoted.

"Moreover, it is the common knowledge of every one conversant with the criminal statutes that acts are denounced by them as crimes, the conviction of which would have but little, if any, bearing on the weight of the testimony of the person convicted, given in another cause, while there are others of a nature so depraved that a conviction for their violation would be to put the perpetrator beyond the pale of consideration in the minds of all right-thinking people.

"It is our view that the legislative body had these distinctions in mind when it framed and enacted the statute—that it was recognized that after a conviction had been shown, to show the nature of the crime could be as beneficial to the witness and to the party for whom he was testifying as it would be to the other party—and that its purpose was to give to each of the

parties such benefit as a showing of the nature of the crime might entail."

See, also, *State v. Cole,* 118 Wash. 511, 203 Pac. 942.

■ Appellants insist that the court erred in permitting the state's witness to testify that defendant Brames on the day of the arrest professed at first to offer information about the owner, but later, when put to a test by being asked to identify Larigas, he failed intentionally to do so. The witness, a Federal prohibition officer, testified that:

"I left Larigas standing about midway of the storeroom, up against the bar, and went to the west end of the storeroom, the end nearest the street, where Brames was, and asked him what he wanted. He (Brames) said that he would tell me who the owner of the place was. I said 'who is it?' He says, 'It is a man named Tom.' I said 'What is his last name?' and for some time he professed not to know what the man's name was. Finally he said he thought it was Tom Larigas. I then took Brames down and stood him right alongside of Larigas at the bar and said to him, 'Now Brames, you look around all these men in the place and tell me whether Tom Larigas is here or not.' He looked around, looked in every man's face, looked in Larigas' face—Mr. LILIOPOULOS: I object to all this evidence. THE COURT: Objection overruled. Exception allowed. A. He said, 'No, he is not here.' 'Oh,' I said, 'You stand right along side of him there, Brames. He has already told me who he is.' Brames just grinned and did not say anything. At that time Agent Marble called my attention to a hat that he found under the bar—a hat of a very small size. I looked at all of the men in the place; asked Kost if it was his hat; he said, no, it was not."

The same testimony was later given by officers Regan and Marble. The testimony was admissible. Brames' conduct at the time of the raid was a circumstance for consideration by the jury in determining Brames' connection with the place raided. Supporting

this view, is *State v. Waite,* 141 Wash. 429, 251 Pac. 855:

"As we gather the facts, the defendants and their companions at the time of the entrance of the officers upon the scene of the attempted robbery, assumed the attitude of innocent by-standers; they discarded their masks and arms, threw up their hands, and took places among the persons they had theretofore lined up against the walls. They were identified to the officers by the actually innocent who pointed them out to the officers. The court permitted the officers to testify not only what was said and done while they were being pointed out, but what was said after their arrest and the persons present were called upon to make sure of their identification. We see no error in this. It was a part of the *res gestae.* The happenings were continuing in sequence, and it all occurred in the presence of the defendants."

█ Finally, the appellants complain of the denial of their motion for a new trial. It is urged in support of this assignment that Kost was acquitted. No doubt the jury was actuated in so finding by the fact that Kost operated for a brief space of time; that he had no criminal record, in fact had never before been arrested. Brames and Coliniatis were engaged in maintaining a joint not less than a month, for which they were convicted in the case at bar. Brames had previously been convicted of the crime of unlawful possession of intoxicating liquor. Coliniatis admitted that, during the past year, he was convicted of the crime of being a jointist and had appealed from the judgment. From our examination of the evidence, we are convinced that the jury were warranted in bringing in a verdict of guilty against Brames and Coliniatis.

We can find no error justifying a reversal; therefore the judgment is affirmed.

MAIN, BEALS, and FRENCH, JJ., concur.

PARKER, J. (dissenting in part)—I concur in the affirmance of the judgment against appellant Coliniatis, who is not charged with a prior conviction. I concur in the affirmance of the judgment against appellant Brames, who is charged with a prior conviction, solely upon the ground (1) that he has not, in a legal sense, been prejudiced by the charge of the prior conviction, since he challenged the information only by demurrer and did not move to have that charge stricken from the information; and (2) that error is claimed in his behalf touching evidence of that charge going before the jury, only in that the court ruled against him in allowing cross-examination of him, while he was voluntarily upon the witness stand, as to his prior conviction.

I am prompted to thus limit my concurrence in the affirmance of the judgment against Brames, because I dissent from the view of the majority, as expressed in the foregoing opinion, that the statute expresses a legislative intent that prior conviction or convictions are to be brought into an exclusive jointist prosecution as a part of the state's case. As correctly noticed in the foregoing opinion, the prior conviction charged in this information could not in any event increase the punishment prescribed for conviction of the principal jointist charge therein. There is no lesser charge in the information, by way of additional count or other form of allegation. So there was no possibility of increase of punishment for conviction of any lesser offense. I think the reason for the application of the general mandatory provision requiring the prosecuting attorney to charge prior conviction or convictions is wholly absent from this case, since prior conviction or convictions could in no event increase the punishment prescribed by the statute for a conviction of being a jointist.

If we are going to read and apply the provisions of

this prior conviction statute literally, let us see what the effect would be on this prosecution as against Brames. It will be noticed that there is only one prior conviction charged against him, hence it is a conviction "the second time" only that we are here concerned with, not a conviction "the third time." Rem. Comp. Stat., § 7339, reads:

"Every person convicted a second time of a violation of any provision of this act, for which the punishment is not specifically prescribed, shall be punished by a fine of not less than $200 nor more than $500, and by imprisonment in the county jail for not less than thirty days nor more than six months."

Now, if any provision of this prior conviction statute is applicable to this case, it is this quoted portion thereof; for we have here only a charge seeking a conviction "the second time." Reading and applying this provision literally, this one prior conviction of Brames would, upon his second conviction, even of being a jointist, subject him to punishment only by fine and county jail imprisonment, and yet for being a jointist without any prior conviction, he would be punishable by from one to five years in the penitentiary. This is illustrative of the absurdity to which a literal reading and application of the statute leads us. I am of the opinion that prior conviction or convictions are required to be alleged in the information and brought into intoxicating liquor prosecutions only in those cases wherein, under the statute, prior conviction or convictions can result in increased punishment following conviction of the principal charge. Such is not the case in jointist prosecutions, unless in such prosecutions there is an accompanying charge of some lesser intoxicating liquor offense the punishment for which is capable of being increased by reason of some prior conviction or convictions. In *State v. Magnusson*, 128

Wash. 541, 223 Pac. 325, prior convictions were held to be properly brought into the case because the bootlegging charge, as there made, included a lesser charge upon conviction of which, and acquittal of the bootlegging charge, the punishment could be increased, under Rem. Comp. Stat., § 7339. Our decision in *State v. Stack,* 152 Wash. 284, 277 Pac. 856, 280 Pac. 930, I think, is not controlling in our present inquiry. Only the constitutionality of § 7339 was there in question. Its meaning and application were not discussed.

