[No. 24764. Department One. October 30, 1933.]

C. G. ANDERSON, *Respondent,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant.*[1]

*The Attorney General* and *Browder Brown, Assistant,* for appellant.

*Hull & Murray* and *Grant Armstrong,* for respondent.

[1]Reported in 26 P. (2d) 77.

MITCHELL, J.—On January 6, 1931, C. G. Anderson, while engaged in extrahazardous employment, accidentally received a sprain of the sacro-iliac, which immediately caused disability from which he has since suffered. He filed a claim for compensation with the department of labor and industries, upon which time loss was paid for fourteen months. It appears that, on March 30, 1932, the claim was closed by the department without any award for permanent partial or other disability, and without assigning any "reason for cancellation" of the claim.

The claimant appealed to the joint board of the department for a rehearing, which was granted.

The testimony taken on the rehearing was reported to the joint board, which entered an order on October 10, 1932, reciting that the matter came before the board for a review of the order of the supervisor dated March 30, 1932,

" . . . terminating the temporary total disability classification of the claimant upon the special examination of the chief medical advisor, upon the basis that the claimant prior to his injury was suffering from the preexisting disease of arthritis of the spine and segregating the disability due to the injury of January 6, 1931, pursuant to the provisions of paragraph 1 of section 7679 of Remington's Compiled Statutes."

The order further recites the consideration of the case upon the testimony thus reported and upon the department's files relating to the claim, and it provided that the action of the supervisor in closing the claim be sustained.

The claimant appealed from the order of the joint board to the superior court, where the cause was decided upon the record as made in the department and without any additional testimony.

The findings of the trial court, in substance, were that the claimant had been injured, after which he had

been paid compensation until discharged, on the alleged ground that his disability was due to disease and not to the injury; that, three years ago, the claimant suffered an accidental injury to his back from which he shortly recovered to the extent that he was able to work daily at manual labor, at which kind of work he was generally engaged until the present accident happened; that the present injury "caused a straining and tearing of the muscles in and about the sacro-iliac joint which set up an inflammation that resulted in permanent injury;" that, at the time of the injury, the claimant had an arthritic condition in his back, but the same was not disabling but was aggravated by the injury; that the claimant is totally and permanently disabled, due partially to injury and partially to aggravation of preexisting disease, one-half to each cause.

Appropriate conclusions of law were filed, upon which findings and conclusions and judgment were entered reinstating the claim and directing the department of labor and industries to pay compensation as provided by law and the judgment, and to give such medical treatment as the department may determine to be proper. The department of labor and industries has appealed.

The assignments of error, other than one to be referred to later, have been argued together on behalf of the appellant, contending

" . . . that the only question before this court is, has the respondent shown by the evidence contained in the record any preponderance of such evidence against the findings of the department included in the order appealed from which would warrant or justify the trial court in reversing the said order."

The rule of practice involved is found in Rem. Rev. Stat., § 7697, to the effect that, in all court proceedings

under or pursuant to this act, the decision of the department shall be *prima facie* correct.

■ The record, prior to the conclusion of the department's medical examiner that the claimant's disability was due to arthritis and not to the accident, upon which the claim was closed, affords scarcely any help in solving the problem presented by this appeal. On the rehearing, testimony was taken on two occasions, neither of which was attended by either member of the joint board to have the advantage of seeing and hearing the witnesses testify under oath, but all of such testimony was taken by persons, one at each of the two hearings, spoken of as examiners, who reported the testimony to the joint board.

In those hearings, the appellant did not call any witness. The respondent called six witnesses, who, under oath, were examined and cross-examined. Four of them were physicians and surgeons, one of whom treated the respondent continuously from May, 1931, until the claim was closed by the department in March, 1932. Excerpts from the testimony lend some support to appellant's contention, but a fair, full and reasonable examination of all the testimony, especially of the physicians, together with the rest of the record, leads to the contrary view. An understanding of the weight of it cannot be had without a consideration of all of it. It cannot reasonably be set out in this opinion, and we content ourselves with the statement that it clearly preponderates against the findings and conclusions of the joint board and sustains the findings of the trial court.

■ The one other assignment of error relates to what appears to be an excessive attorney's fee allowed by the trial court. This claim of error is not discussed in the brief, nor was it referred to upon the oral argu-

ment. We treat the assignment as abandoned by the appellant. Rule of Court VIII, subd. 2, 159 Wash. xliii; *State v. Stack,* 152 Wash. 284, 277 Pac. 856, 280 Pac. 930; *Miller v. Spokane Bakery Co.,* 70 Wash. 4, 125 Pac. 1021.

Affirmed.

BEALS, C. J., MAIN, MILLARD, and STEINERT, JJ., concur.