[No. 24979. *En Banc.* May 3, 1934.]

MARY S. WALKER, *Appellant,* v. R. A. WILEY, *as Assessor of Grays Harbor County, Respondent.*[1]

*Karl R. Bendetson,* for appellant.

*E. E. Boner* and *Paul O. Manley,* for respondent.

*McMicken, Ramsey, Rupp & Schweppe, amicus curiae.*

[1]Reported in 32 P. (2d) 1062.

484

Holcomb, J.—In an amended complaint, suing on behalf of herself and other taxpayers similarly situated in Grays Harbor county, the city of Hoquiam and the city of Aberdeen, appellant set up three causes of action, and sought to have certain portions of the levies for 1933 made by the board of commissioners of Grays Harbor county, the city council of Aberdeen and the city council of Hoquiam, decreed and adjudged illegal and cancelled, and their extension upon the tax rolls by respondent, the assessor of Grays Harbor county, temporarily and permanently enjoined.

A demurrer was filed by respondent, which was sustained by the court. Appellant elected not to further plead, and judgment of dismissal was entered. It was agreed by the parties that the hearing upon the demurrer to the amended complaint should constitute a trial of the merits of the action, and that a final decree should be entered at the conclusion of the hearing upon the demurrer to the amended complaint. This appeal results.

The facts, as set forth in the brief of appellant material to the issue as alleged in the amended complaint, are these:

On October 5, 1933, the board of commissioners of Grays Harbor county certified to the county assessor the 1933 general tax levy of Grays Harbor county in the total sum of $1,023,292.59, representing a levy rate of 40.5573 mills on the total 1933 assessed valuation of $25,230,534 of all taxable real and personal property situated within Grays Harbor county, as follows:

| | | |
|---|---|---|
| Bond redemption and interest........ | $383,589.60 or | 15.2033 mills |
| Emergency warrant redemption fund. | 349,551.85 or | 13.8543 mills |
| Total for indebtedness.......... | $733,141.45 or | 29.0576 mills |
| All other purposes.................. | 290,143.57 or | 11.4997 mills |
| Grand Total .................. | $1,023,285.02 or | 40.5573 mills |

In her first cause of action, appellant attacks so much of the total levy for indebtedness as exceeds five mills, and in any event, so much of the levy for bond interest and redemption, as exceeds the amount actually required in 1934, and so much of the levy for all other purposes as exceeds ten mills.

The council and mayor of Aberdeen, by ordinance on October 4, 1933, certified to the county assessor a total general tax levy of $282,752.16, representing 38.9983 mills on the total assessed valuation of $7,250,-347.00, on all taxable real and personal property within the limits of Aberdeen, as follows:

| | | |
|---|---:|---|
| City property assessment............ | $5,000.00 or | .6896 mills |
| All other purposes.................. | 108,616.72 or | 14.9809 mills |
| Total .......................... | $113,616.72 or | 15.6705 mills |
| Bond redemption and interest........ | $132,935.00 or | 18.3348 mills |
| Warrant redemption and interest..... | 36,200.00 or | 4.9929 mills |
| Grand Total.................... | $282,751.72 or | 38.9982 mills |

In her second cause of action, appellant attacks so much of the levy by Aberdeen of $132,935, or 18.3348 mills, for bond interest and redemption, as exceeds the amount actually required in 1934, and so much of the levy for all other purposes as exceeds fifteen mills.

The mayor and council of Hoquiam, by ordinance of October 3, 1933, made and certified to the county assessor a total general tax levy of $160,442.17, representing a rate of levy of thirty-six mills upon the total 1933 assessed valuation of $4,456,727 on taxable real and personal property within the limits of that city as follows:

| | | *Mills* | | *Mills* |
|---|---:|---:|---:|---:|
| L. I. D. Guaranty Fund...... | $23,010.05 | 5.163 | | |
| Accident Fund ............. | 650.68 | .146 | | |
| Interest on Warrants........ | 6,000.00 | .808 | | |
| Total indebtedness levy.................... | | | $29,660.73 | 6.117 |

| | | | |
|---|---|---:|---:|
| Bond redemption and interest.................. | | 51,424.83 | 12.077 |
| City Property Assessment.... | $12,505.56 | 2.806 | |
| Other purposes ............. | 66,851.05 | 15.000 | |
| Total Levy for All Other Purposes........ | | 79,356.61 | 17.806 |
| Grand Total .......................... | | $160,442.17 | 36.000 |

In her third cause of action, appellant attacks so much of the indebtedness levy of Hoquiam as exceeds six mills; so much of the bond interest and redemption levy as exceeds the actual amount required for 1934, and so much of the levy for "all other purposes" as exceeds fifteen mills.

A little further clarification of the Grays Harbor county bonds, as alleged in the complaint, shows that the road bond issue of May 1, 1920, maturing in 1934, was principal $30,000, with interest $18,150; road bond issue of July 1, 1921, maturing in 1934, principal $28,-000, with interest $19,320; county fund bonds of April 15, 1932, maturing in 1934, principal $6,000, with interest $17,200; county fund bonds of August 5, 1932, maturing in 1934, principal $3,000, with interest $5,000; poor relief bonds of November 1, 1932, maturing in 1934, principal $34,000, with interest $3,150.

It is alleged that the county commissioners in their 1933 budget did not set forth separately expenditures for interest and for redemption of the principal of either of the above bond issues, but made an unsegregated levy of $383,589.60, or 15.2033 mills, for bond redemption; that such levy was illegal, arbitrary and excessive, and, in any event, that there was an excess levy included therein of $183,245.60 over and above all bond redemption requirements, such excessive levy being 8.97 mills.

It is further alleged that the county board allocated the sum of $37,845.80, or a levy of 1.4999 mills, for the city bridge fund and the sum of $252,305.34, or a levy of 9.9998 mills, for other county purposes.

It is urgently contended that the matters set forth in the three causes of action in the amended complaint are each and all prohibited in so far as they exceed the limits prescribed in chapter 4, Laws of 1933, p. 47 (Rem. 1933 Sup., § 11238-1), otherwise known as the forty mill limit law.

 Appellant and *amici curiae* both ably and elaborately argue that the decision by this court in *Denny v. Wooster,* 175 Wash. 272, 27 P. (2d) 328, is not well grounded, and should be overruled, or at least modified. The principal contention of appellant is that the *Denny* case was erroneous in determining that former limitations on tax levies had been repealed by chapter 4, *supra,* and, particularly that § 77, chapter 130, Laws of 1925, Ex. Ses., p. 277 (Rem. Rev. Stat., § 11238), which limited tax levies to five mills, was neither impliedly nor expressly repealed, and should have been excepted from the operation of the forty mill limit act and the decision in the *Denny* case.

In her brief, appellant candidly says that, unless the decision in the *Denny* case is modified or repudiated, as she insists it should be, as to the unsegregated levy made by the county in this case of 13.8543 mills for the payment of county warrants outstanding, such claim is untenable. And, again:

"If the decision of this court with relation to the interpretation of the meaning of the phrase 'county indebtedness' as employed in Ch. 130, Laws Ex. 1925, as amended by Ch. 303, Laws 1927, is such that it does not include bonded or funded debt (and we urge that this would be a strained and strange interpretation, not in accordance with normal or, if you please, legal interpretation of these words) then the levy for warrants is 8.8543 mills in excess of 'the rate provided by statute'."

Again:

"It is upon the foregoing ground alone, however, that the said levy in the sum of $349,551.85, or 13.8543 mills, for the retirement of *all* of the warrants outstanding at the effective date of the 40-mill act (which, by the way, is not contemplated by the third exception, in favor of a levy for outstanding warrants), is under attack by us."

In the *Denny* case, *supra,* we held that the provisions of the 1925 act, relied upon by appellant, are no longer in effect. We said:

"The law upon that subject now is the forty mill tax levy law, which appears to be complete when construed according to the general rule with reference to all its parts. . . .

"The central thought or theory of this act was to start anew with a tax limit for the future of forty mills, consisting of not to exceed five mills for the state, not to exceed ten mills for the county, not to exceed ten mills for any school district, and not to exceed fifteen mills for any city or town; and, cognizant of outstanding indebtedness of the different taxing districts, it is declared in the further or second proviso, not that the general limitations imposed should take care of outstanding indebtedness, but that the general limitations imposed by the section *should not prevent* the levy of additional taxes for two specified purposes:

"(1) To pay interest or principal on bonds issued by or through the agency of the respective taxing districts; and (2) to pay interest on or toward the reduction of the principal of county, city, town or school district warrants outstanding at the effective date of the act; the amounts of the levies for such additional taxes not being limited by any stated amount of millage, they are, of course, to be fixed as necessity requires to *pay interest or principal on bonds,* in the one case, and to *pay interest on or toward reduction, at the rate provided by statute, of the principal of warrants outstanding at the effective date of the act,* in the other case."

At least the majority of the court who concurred in the *Denny* case still consider it right in reasoning and result, and are not disposed to overrule or recede from it as unsound.

We have also in a more recent case, *Palmquist v. Taylor, ante* p. 306, passed upon other phases of the forty mill levy limit act, in which case it appeared that the county had anticipated that some further amount would be required in the course of the year for indigent relief; and that, under the mandatory duty of the county to care for the indigent, the county had the right and power to make the levy now as a special fund for such future needs. The trial court had held that a levy of 3.36 mills for the county expense fund to cover such anticipated needs was unwarranted, which we affirmed. The trial court also held that a levy of 10.05 mills made for warrant redemption issued by a school district for which levies had been regularly made, which warrants were supported by outstanding unpaid taxes sufficient to meet them, was invalid, which we affirmed. In that case, we also affirmed a decision by the trial court adjudging invalid a levy of 2.20 mills for a certain school district, which exceeded the ten mill limit provided by chapter 4, Laws of 1933, unless authorized by a popular vote in accordance with statutory provisions.

The decision in the last cited case applies in principle to some of the other matters of which appellant complains.

The total levy for current expenses or for "all other purposes" made by the county commissioners of Grays Harbor county for 1934 is 11.4997 mills. This is in excess of the rate prescribed by chapter 4, Laws of 1933, p. 47 (Rem. 1933 Sup., § 11238-1), which, among other things, prescribes that: ". . . the

levy by any county shall not exceed ten mills, including the levy for the county school fund. . . .''

The particular item which brings that levy in excess of the ten mills is for the maintenance of city bridges. Our decision in the *Denny* case, *supra,* respecting the levy by Seattle in excess of fifteen mills, as prescribed by chapter 4, *supra,* for the firemen's relief and pension fund, is controlling here, and the excess of 1.4997 mills over the fifteen mills authorized by law is void and is directed to be cancelled.

In her second cause of action respecting the levies made by Aberdeen under the heading for ''all other purposes,'' consisting of the following items:

| | | |
|---|---|---|
| Current expense | $98,897.19 or | 13.6403 mills |
| Library | 7,400.00 or | 1.0206 mills |
| Park | 2,319.98 or | .3200 mills |
| City property assessment | 5,000.00 or | .6896 mills |

the millage items total 15.6705 mills levied for ''all other purposes.'' As will be remembered, chapter 4, *supra,* limits the levy of any city or town to not to exceed fifteen mills. The item of $5,000, or .6896 mills, for city property assessment is in excess of the limit allowed by chapter 4, *supra,* and our decisions in the two cases cited. That should be stricken from the levy, or the library and park items should be reduced proportionately by the city so that the limit will not be in excess of fifteen mills as prescribed by law. It is so ordered.

The levy by Hoquiam for current expense or ''all other purposes'' is 17.806 mills. Classified as a portion of the levy for indebtedness purposes is the item of 5.163 mills for redemption of principal and interest on warrants representing the L. I. D. guaranty fund. It is conceded that, under the decision in the *Denny* case, *supra,* this fund, respecting the guaranteeing of bonds issued ''through the agency of any city,''

is properly an item of the levy for indebtedness purposes. The other items for indebtedness purposes other than bonded or funded indebtedness, are .146 mills for the accident fund, which levy is to retire judgments against the city, and .808 mills for redemption and interest on warrants. These items are unauthorized under chapter 4, *supra,* and our decisions in the two last cases cited. The levy for the accident fund should be entirely eliminated, and the levy for redemption and interest on warrants should, if necessary, be apportioned with the levy for "other purposes" so that they will be brought within the fifteen mill limit prescribed by the statute and our decisions.

One other item complained of in the amended complaint of appellant was that the levy for bridge maintenance by the county must fall within the current expense levy. This matter is not argued by appellant in her brief, but is argued by *amici curiae.* Not being argued by counsel for appellant, we consider it waived or abandoned, and will not discuss it.

The judgment of the trial court is modified, and appellant granted relief to the extent hereinbefore stated. In other respects, the levies in each of the three causes of action are affirmed.

BEALS, C. J., BLAKE, MAIN, GERAGHTY, MITCHELL, and MILLARD, JJ., concur.

TOLMAN, J., dissents.

STEINERT, J. (dissenting)—To the extent that the majority opinion reduces certain of the levies, I agree with the result. I differ fundamentally, however, with the majority upon two basic propositions: First, I believe that the decision in the case of *Denny v. Wooster,* 175 Wash. 272, 27 P. (2d) 328, relied on by the majority, was incorrectly decided, as I attempted to point out in a dissenting opinion in that

case; second, I think that the levies made by Grays Harbor county and the cities of Aberdeen and Hoquiam for bond interest and redemption requirements in excess of the amount of principal and interest actually due, and in anticipation of delinquencies to accrue during the ensuing year, are arbitrary, capricious, illegal and void.

I therefore dissent.