[No. 28509. Department One. June 4, 1942.]

CLARENCE CONE, *Respondent*, v. ARMOR F. ARISS, *Appellant*.[1]

'Reported in 126 P. (2d) 591.

Fred M. Bond, for appellant.

Robert A. Hannan, for respondent.

DRIVER, J.—In the first cause of action of his amended complaint, plaintiff alleged that he purchased a new Studebaker automobile from defendant under an oral conditional contract of sale; that he paid $125 on the total purchase price of $757; and that defendant wrongfully took possession of the car and converted it to his own use, to plaintiff's damage in the sum of $243.

Defendant answered, denying all the material allegations of the first cause of action, and, by what he denominated as an affirmative defense and cross-complaint, alleged that he had employed plaintiff as an automobile salesman on a commission basis; that, in connection with this employment, plaintiff used

one of defendant's automobiles as a demonstrator, thereby reducing its value $150, and also used gasoline and oil furnished by defendant in the amount of $25; and that plaintiff paid defendant $127, leaving a balance in favor of the latter of $52. By his reply, plaintiff denied the allegations of the affirmative defense and cross-complaint.

There has never been any controversy between the parties over plaintiff's second cause of action. Plaintiff therein alleged, and defendant by his answer admitted, that he owed plaintiff $10 as a commission for the sale of an automobile. On the issues made up as stated, the case came on for trial before the court and resulted in a judgment in plaintiff's favor for $135. Defendant appealed.

The trial court did not adopt plaintiff's conversion theory, but concluded, as stated in its memorandum decision, that the automobile had been sold by appellant to respondent at cost price as a salesman's demonstrator, to be used for the mutual benefit of the parties; that respondent, by shortly terminating his employment as salesman, in effect, rescinded the contract and gave appellant the right to repossess the car; and that respondent was entitled to recover back the payments which he made on the purchase price. The court also stated that "The pleadings will be amended to conform to the evidence."

Appellant assigns as error the making of such amendment, but he has not argued or discussed the assignment in his brief, and, under the well-established rule, it will be regarded as waived or abandoned, and will not be considered. *Anderson v. Department of Labor & Industries,* 174 Wash. 702, 26 P. (2d) 77; *Smith v. Department of Labor & Industries,* 176 Wash. 569, 30 P. (2d) 656; *Walker v. Wiley,* 177 Wash. 483,

32 P. (2d) 1062; *Bremerton Creamery & Prod. Co. v. Elliott,* 184 Wash. 80, 50 P. (2d) 48.

The record is short, and the facts, as stated in the following summary, either are virtually undisputed or are established by findings of fact of the trial court, clearly supported by a preponderance of the evidence.

In April, 1940, appellant, a Studebaker automobile dealer in South Bend, employed respondent as a salesman on a five per cent commission basis. About the same time, appellant agreed to sell respondent a new car under an oral contract, at the cost price of $757, it being understood that respondent would use it for the mutual benefit of the parties as a salesman's demonstrator. By the terms of the contract, the purchase price was to be paid one hundred dollars down and the balance in monthly installments of twenty-five dollars. Respondent worked as a salesman for six weeks and succeeded in making eight sales. After he had driven the demonstrator 2,200 miles (2,700 miles, according to appellant's testimony), he terminated his employment. The appellant thereupon repossessed the car (respondent was not then in default on his payments), and refused to refund the $125 which respondent had paid on the purchase price. Respondent received all his commissions except the $10 mentioned in his second cause of action.

■ Appellant contends, and respondent, in his brief, admits, that the contract for the sale of the car was void under the statute of frauds (Rem. Rev. Stat., § 5825) as an oral agreement that, by its terms, was not to be performed within a year. We shall not take issue with counsel for the litigants on that score. The contract, by its terms, could not have been performed in less than twenty-six months. We think *Hendry v. Bird,* 135 Wash. 174, 237 Pac. 317, 240 Pac.

565, factually quite similar, is controlling. See, also, *Tracy v. Barton,* 139 Wash. 440, 247 Pac. 734; *Sunset Pac. Oil Co. v. Clark,* 171 Wash. 165, 17 P. (2d) 879; *Fish Clearing House v. Melchor, Etc., Co.,* 174 Wash. 539, 25 P. (2d) 381.

In the case last cited, quoting with approval from *Tracy v. Barton,* we said, p. 545:

" 'We have held that, when no time for the performance of a contract is fixed by the parties, if it nevertheless appears from the surrounding circumstances and, considering the object contemplated by the contract, that the parties intended that it should extend over a year, recovery could not be had upon it, unless in writing.' "

But, granting that the contract was void, respondent was nevertheless entitled to recover what he had paid on the purchase price, as money had and received by appellant, under the principle that "no one ought unjustly to enrich himself at the expense of another." 4 Am. Jur. 508, 509, § 20. The action for money had and received "lies to recover back money paid under a contract which is void for any reason, as where there was want of mutuality, *or where the statute of frauds was a good defense.*" (Italics ours.) 4 Am. Jur. 517, 518, § 27; 2 R. C. L. 788, 789, § 42. See, also, 25 R. C. L. 463, 464, § 40; 27 C. J. 360, § 438 b.

This court has held that a party rendering services under a void or an unenforcible contract can recover on *quantum meruit* for their value from the one benefited thereby. *Union Sav. & Trust Co. v. Krumm,* 88 Wash. 20, 152 Pac. 681; *O'Donnell v. Sipprell, Inc.,* 163 Wash. 369, 1 P. (2d) 322, 76 A. L. R. 1405.

Appellant tacitly concedes that respondent is entitled to recover payments made under the void agreement, but he contends that both parties should be placed as nearly as possible in *status quo* as of the time

of the making of the contract, and that, therefore, he is entitled to set off against respondent's payments the amount which the demonstrator depreciated in value during the time respondent used it.

We think there is merit in this contention.

"Where recovery is allowed for part performance by one party to a contract which is repudiated by the other, there should be set off against the amount to which plaintiff is entitled any benefit received by him by virtue of the contract. Thus, in an action to recover purchase money paid, or for services rendered, or for improvements made in pursuance of a parol contract for the sale of land, defendant is entitled to a deduction for the rental value of the premises during the period of plaintiff's possession and also for any profits received by the latter from the land." 27 C. J. 368, § 445 i.

The trial court decided the instant case on the theory that appellant had received money which, in equity and good conscience, he should return to respondent. Although the action for money had and received is an action at law, yet it is equitable in its nature, liberal in form, and is determined by the application of equitable principles. 4 Am. Jur. 508, 509, § 20; *Myers v. Hurley Motor Co.*, 273 U. S. 18, 71 L. Ed. 515, 47 S. Ct. 277.

We think that, under the facts of the present case, the benefits which both parties received under the void contract should be considered, and that the benefit to the respondent by way of his use of the car can be measured by the depreciation in its value resulting from such use. The trial court made no finding as to the amount of the depreciation, but both parties submitted evidence on the question. Appellant testified that it amounted to $150 to $200, while respondent estimated that it was only $75. However, respondent called as an expert witness an automobile

salesman of sixteen years' experience, who expressed the opinion that reduction in the value of the car amounted to $75. We are inclined to adopt that figure.

Respondent argues that appellant should not be given credit for depreciation of the car, since it was to be used as a demonstrator for the mutual benefit of both parties, and was actually so used. Aside from the fact that respondent used the car for his own personal purposes as well as in the business of his employer, we cannot follow respondent's argument. It was the intention of the parties, the record clearly indicates, that, in his work as appellant's salesman, the respondent was to furnish his own demonstrator. That was the compelling reason for his purchase of the car. Even the use of the vehicle as a demonstrator, therefore, was a use which respondent was obliged to supply at his own expense, and was of benefit to him.

The cause is remanded, with direction to allow appellant a set-off of $75, thus reducing respondent's judgment to $60. Neither party will recover costs in this court.

ROBINSON, C. J., MAIN, MILLARD, and STEINERT, JJ., concur.