[No. 24445.   Department One.   November 14, 1933.]

THE STATE OF WASHINGTON, *Respondent*, v. WALLACE
WITZELL, *Appellant*.[1]

*Wm. R. Bell* and *John F. Garvin*, for appellant.

*Dale McMullen* and *Claude C. Snider*, for respond-
ent.

[1]Reported in 26 P. (2d) 1049.

MITCHELL, J.—The information in this case charged that, on or about September 8, 1930, Wallace Witzell, with intent to commit the crime of larceny, unlawfully and feloniously broke into and entered an office in a theatre, the same being a room wherein property was kept for use, sale and deposit. The defendant was found guilty by a jury, and has appealed from a judgment and sentence on the verdict.

▉ The first assignment is that error was committed in denying appellant's request for a larger number of expert witnesses on the subject of fingerprints than was allowed by order of the court. However, appellant had more witnesses of this kind than the prosecution had. This was a matter largely within the discretion of the trial judge, in which respect there is not shown here any abuse of discretion.

▉ A safe in the room was blown open, and a piece of the outer door, showing fingerprints upon it, was found on the floor. Photographs of the fingerprints were taken and enlarged, and identified at the trial by the photographer who did the work. The original and enlarged photographs were introduced in evidence, and used in making comparisons with fingerprints of the defendant on a card containing a photograph of him, which latter was identified by a witness who was present when the photograph and fingerprints of the defendant were made. Notwithstanding objections on behalf of the appellant, all of the photographs were properly admitted as circumstantial evidence against him, although they were criticized by some of appellant's witnesses as not being as nearly perfect as they should be to constitute satisfactory proof. The competency of the photographs as evidence was for the court to determine, and the weight to be given them as evidence was for the jury.

Nor is there any merit in appellant's contention

that the photograph of the fingerprints on the piece of the safe and the enlargement of it were not admissible unless and until the piece of the safe on which it was claimed the fingerprints were found was produced at the trial in connection with the photographs. Such contention, however, if objectionable on any score, goes only to the weight, and not to the competency, of the exhibits as evidence.

Error is claimed because the state was permitted, over objections, to introduce a certified copy of a prior conviction of the appellant of a crime. This was done in the cross-examination of the appellant, who had voluntarily testified in his own behalf, and was allowed as affecting the weight of his testimony. Rem. Rev. Stat., § 2290; *State v. Brames,* 154 Wash. 304, 282 Pac. 48; *State v. Steele,* 150 Wash. 466, 273 Pac. 742.

It appears that, at the trial, counsel for the appellant objected to something claimed by him to have been said by the prosecuting attorney to a witness on the stand "without getting it in the record." We can find nothing in the record to indicate any purpose on the part of the prosecuting attorney to be unjust or unfair about the matter. He offered to repeat for the record what had been said, and his offer was objected to by counsel for appellant. It is now contended that, in disposing of the matter, the court rebuked appellant's counsel. We do not so understand the record.

Error is assigned upon allowing a witness for the state to testify concerning the origin and subsequent custody of the card containing the photograph and fingerprints of the appellant. Except one question, to which the court held appellant's objection came too late, the record shows that every objection made by the appellant to this line of testimony was sustained.

█ Appellant offered in evidence copies of a register of a hotel in Seattle. Discussing the state's objection to the instruments, counsel for the appellant argued to the court: "They are not the best evidence, but it is impossible to bring the hotel register and the law requires it to be a copy—," to which the court stated to counsel,

"That is not the law. You have no right to make the statement before the jury. You may bring any record from any place in the state of Washington. Sustain the objection."

Appellant's contention that the court's comment in disposing of the matter was highly prejudicial is without merit. The court only determined and announced the law involved with respect to an unwarranted offer of evidence on the part of the appellant.

█ Three assignments of error present appellant's claim of insufficiency of the evidence, upon the question of unlawful breaking and entry, to take the case to the jury or to sustain the verdict of guilty. The evidence, though circumstantial, was, in our opinion, abundant and clearly sufficient, including, as it does, proof of the fingerprints. The breaking and entry were discovered early in the morning of September 8, 1930. One side of the office door was broken off and found on the floor; the safe within the room had been blown open, the outer door hanging by one corner and the inner door pried open; parts of the broken safe were found on the floor, one of which had upon it the fingerprints already referred to; other contents, furnishings and papers were scattered around in the room. The testimony was that the breaking was freshly done.

Allowing in rebuttal, over appellant's objection, some testimony which appellant claims related to the state's case in chief, is assigned as error. There was

no abuse of discretion by the trial court in this respect, according to our examination of the record, the details of which need not be set out in this opinion.

The denial of a motion for a new trial is assigned as error. It is argued here largely upon the ground of alleged newly discovered evidence, claimed to have been presented to the trial court upon affidavit. The purported affidavit is in no way certified by the trial judge, nor made a part of the statement of facts; hence we are not at liberty, under the settled practice in this state, to consider this feature of the motion for a new trial.

Other grounds of the motion for a new trial have been given no distinctive consideration in the arguments, and, manifestly, are not more important than the total of the other questions presented by the appellant and discussed herein.

Other assignments of error, formal in character, are without substantial merit, and, in our opinion, require no distinctive or further consideration.

Affirmed.

BEALS, C. J., MAIN, MILLARD, and STEINERT, JJ., concur.